BRADFORD ET AL. V. THE HOMESTEAD FIRE INSURANCE CO.

1. **Evidence:** CUSTOM: PRINCIPAL AND AGENT. Upon the question of
   the power of an insurance agent to bind the company by a consent to
   the transfer of the insured property, evidence of a custom among other
   companies to confer such power upon their agents is inadmissible, it not
   being shown that such custom was known by the defendant company.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, OCTOBER 20.

ACTION on the policy of insurance against loss by fire. Trial
by jury. Judgment for the plaintiff, and defendant appeals.

*Alonzo Cragen* and *R. W. Stewart*, for appellant.

*S. M. Pollock*, for appellees.

SEEVERS, J.—The policy was issued to the plaintiff Bradford, and the petition states that afterward she conveyed the real estate on which was situate the building insured to the plaintiff Grange, in trust, to raise money to pay off a mortgage thereon. That no part of the money was raised, and that the conveyance was without consideration. That defendant, by its agent J. R. Beck, in writing on the policy consented to such conveyance. Under the terms of the policy, it became a material question on the trial whether Beck had authority to bind the defendant by the consent so given.

1. EVIDENCE: custom: principal and agent.

The plaintiff asked Peter Kiene, a witness, "What power, if you know, is usually conferred on insurance agents by their companies, as to giving permission to transfer by the assured of the property insured?" This question was objected to, but it was overruled and the witness answered, "Well, most all agents in town that I know of have got the right to assign, transfer, sell or mortgage the property, to make a loan on it, and to put an indorsement on the mortgage so and so, but before it is indorsed it has first got to be reported; but I represent nine companies and every company gives me that right without a written consent."

The admission of the foregoing evidence constitutes error. It was immaterial what other companies did. The question was whether the defendant had conferred the requisite authority on its agents, in express terms, by necessary implication, or had it so acted as to ratify what the agent did? It is doubtful whether the defendant would be bound by a custom; but conceding it would, it was not shown it had knowledge of such custom, or that it was so general the defendant must be presumed to have known it.

The agent Beck gave evidence tending to show he had

authority to do what he did, but the foregoing evidence was not admissible for the purpose of corroborating the evidence of Beck, because if not admissible to establish a liability, or as so tending, it would not be admissible for the purpose of strengthening evidence which did have such tendency. If it was, then a result would be accomplished by indirection which could not be done directly.

We have examined the whole record, and incline to think there is no other error in it.

REVERSED.