[L. A. No. 3595.   Department Two.—February 16, 1916.]

## THOMAS J. CORNISH and BESSIE WOODS CORNISH, Copartners, etc., Appellants, v. W. S. DICKEY, Respondent.

INJUNCTION—CONFIDENTIAL EMPLOYMENT—FORMER EMPLOYEE DIVERTING CUSTOMERS FROM BAKERY ROUTE.—The owner of a bakery can maintain an action for an injunction against the former driver of a wagon of plaintiff bearing the name of plaintiff's bakery, who supplied his own horse and harness and delivered throughout a certain district goods from plaintiff's bakery, and returned all goods unsold, and received as compensation a percentage of the receipts from sales, and called upon persons responding to plaintiff's advertising and supplied them with goods, to restrain him from serving the goods of a rival bakery to the customers of plaintiff, in the district formerly served by him when in plaintiff's employ, after terminating his employment with plaintiff.

ID.—RELATIONSHIP IS THAT OF CONFIDENTIAL AGENT.—The driver of the wagon in such a case is not an independent owner of the route entitled to serve whom he pleased, as he pleased, and with what products he pleased, but is a confidential agent.

CONFIDENTIAL AGENT—TRANSACTION NOT CONSTITUTING SALE.—Where each day the driver took certain merchandise in his wagon, delivered

it to customers according to their needs, returned the unsold portions to the owner at the end of each day without cost to himself, and received as compensation a percentage of the sales, the transaction did not constitute a sale to the driver.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Kaye & Siemon, for Appellants.

R. H. Wilson, for Respondent.

HENSHAW, J.—This is an action for injunction.   Plaintiffs conduct a bakery business.   For the increase of their trade and for the convenience of their customers they districted the city of Bakersfield, in which their business was conducted, into routes, and the business of each route was carried on in the following manner: Plaintiffs furnished the driver of the route with a delivery wagon bearing conspicuously the name ''Cornish's Bakery.''   The driver supplied his own horse and harness.   He called at the bakery each morning and placed in his wagon the daily supplies for the customers.   At the end of the day he returned to the bakery the unsold goods and received for his compensation twenty-five per cent of the sales.   The driver solicited patronage in his district.   The bakery advertised in the public prints that it maintained a free delivery and that its bakery wagon would call daily, and when the patrons by letter or by telephone indicated their desire that the wagon should so call, a notification to this effect with the name and address of the new patron was given to the driver.   In this way the business was fostered and increased.   The defendant in this case was the driver of one of these Cornish's Bakery wagons operating in a prescribed district or ''route.''   With the consent of the bakery he purchased the rights of his predecessor for $250, this including the horse and harness.   He had been conducting his business as it was understood that it should be conducted with the bakery products of the Cornish's Bakery only.   Suddenly, and without notification to the plaintiffs, he ceased driving the Cornish's Bakery wagon and delivering the Cornish's Bakery goods and took employment

in a rival bakery, operating one of its wagons over the same route and soliciting and supplying his former patrons and the patrons of the Cornish's Bakery with the products of its rival. To restrain this conduct on his part the action was brought.

The position of the defendant, which was taken by the court and expressed in its findings, is that he was the independent owner of this bakery route, entitled to serve whom he pleased, as he pleased, and with what products he pleased; that he was not an agent or employee of Cornish's Bakery, and stood in no confidential relations to the plaintiffs which rendered it at all improper for him to change his employment, and in so doing to supply his customers from the rival bakery, and that thus there was no abuse of the confidential relations existing between employer and employee. This position, however, does not find support in the evidence. It was necessary for the defendant to establish that his relations with the plaintiffs were such as to justify him in acting as he did. Conceivably this could be done by showing that he was an independent operator, that he purchased his supplies daily from the bakery, was at liberty to purchase supplies from any other bakery, and that he then peddled the goods at his own pleasure and price along his chosen way. But there is no showing to this effect. He did not purchase the goods. Each day he took out a given quantity, returning without cost to himself the unsold portion and receiving a commission of twenty-five per cent of the prices of the goods sold. Such a transaction in no wise constituted a sale, and, therefore, in no wise made defendant an independent purchaser. (*In re Columbus Buggy Co.*, 143 Fed. 861, [74 C. C. A. 611]; *Eldridge* v. *Benson etc.*, 7 Cush. (Mass.) 485.)

When consideration is paid to the undisputed facts that plaintiffs were actively engaged in increasing their own business, that they advertised to this end, that they made over the list of their customers to defendant, increasing the list as new patrons applied, that defendant was really employed as a sales agent on commission, and that it was to his interest, as well as to his principals' interest, to develop the business in every legitimate way, that his wagon was a Cornish's Bakery wagon, that he advertised and used only the products of the Cornish's Bakery, it makes the case too plain for the need of further discussion. The facts fit most aptly and appositely with those of *Empire Steam Laundry* v. *Lozier*,

165 Cal. 95, [Ann. Cas. 1914C, 628, 44 L. R. A. (N. S.) 1159, 130 Pac. 1180].

The judgment appealed from is therefore reversed.

Melvin, J., and Lorigan, J., concurred.