[Civ. No. 4025. Second Appellate District, Division Two.—January 22, 1923.]

MACKECHNIE BREAD COMPANY (a Corporation), Respondent, v. GUS HUBER, Appellant.

[1] EMPLOYER AND EMPLOYEE—LIST OF CUSTOMERS—PROPERTY RIGHTS —INJUNCTIONS.—A baking company possesses such a property right in the list of customers procured in the district covered by a person employed by it to solicit business and make sale of bread therein that the right can be protected by an injunction restraining said person, after he had entered the employ of another firm, from soliciting orders for bread from such customers for the latter firm.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Protection of trade secrets, notes, 17 Ann. Cas. 144; Ann. Cas. 1914C, 631; Ann. Cas. 1918C, 1026; 13 L. R. A. 652; 12 L. R. A. (N. S.) 102; 20 L. R. A. (N. S.) 933; 44 L. R. A. (N. S.) 1160.

J. F. Keogh, Frank H. Snyder and C. C. Mishler for Appellant.

E. R. Young and C. B. Penn for Respondent.

WORKS, J.—For several years before the present action was instituted defendant Huber had been engaged in the sale of commodities in a certain district in the city of Los Angeles. He first sold milk in the territory and he next engaged in the sale of bread therein for a baking company other than either of the corporation parties to this action. He then entered the employment of plaintiff for the purpose of selling its bread in the same district. His compensation for this service was arranged upon a percentage of sales made by him, although he was guaranteed a compensation of eighteen dollars the week. For the first few weeks his percentage compensation did not equal the guaranteed amount and the guaranty was made good by plaintiff. Plaintiff furnished Huber an automobile by means of which to solicit business and make deliveries in the district and it also provided him with samples of its bread for distribution among prospective customers. Huber's work in the territory was also aided from time to time by other solicitors and by demonstrators, all employed by plaintiff. In a given week, at about the time of Huber's employment by plaintiff, its sales in the district amounted to $83.64. During Huber's incumbency of his position with plaintiff the sales steadily increased until the amount of weekly sales reached more than $500. They were maintained at this figure for several months and until Huber left the employment of plaintiff. Soon after his relationship with plaintiff was terminated, Huber entered the employment of defendant California French Baking Company in a similar capacity, his operations being conducted in the defined district which he had covered under his employment with the plaintiff. He immediately began to solicit the business of his old customers in the territory, on behalf of defendant corporation. Plaintiff's sales in the district at once fell off tremendously, so much so that during the second week of Huber's new employment the total amount of sales made by plaintiff therein was but $145.87. Plaintiff soon thereafter instituted this suit for an injunction. Judgment went in favor of de-

fendant corporation, but Huber was enjoined from soliciting orders for bread in the district. The injunction was limited in its operation, however, to anticipated activities of Huber among those dealers who had become purchasers from plaintiff during his employment with it. Defendant Huber appeals.

It is contended by appellant that the findings, from which the above statement of facts is produced, do not support the conclusions of law and that the judgment is against law. One legal question only is presented by this contention. [1] Did respondent possess such a property right in the list of customers procured in the district covered by appellant during his employment by it that the right could be protected by an injunction such as was issued against appellant? This question was before the supreme court in *Empire Steam Laundry* v. *Lozier,* 165 Cal. 95 [Ann. Cas. 1914C, 628, 44 L. R. A. (N. S.) 1159, 130 Pac. 1180], the effect of the court's opinion being syllabized by the official reporter thus: "An employee of a laundryman whose duties were to drive a laundry wagon along a designated route in a city, to serve well the customers of his employer, to increase his business, to solicit new business, and keep a complete and confidential list of all the customers on the route, is engaged in an agency of trust and confidence, and such list, even though in part prepared by him, is the absolute, and a valuable part of the property of the employer." Appellant attempts to distinguish the case cited from the present one. He says in his brief that in *Empire Steam Laundry* v. *Lozier* "the information put to use was of a kind which concerned the habits, tastes and niceties of men and women as to the cleanliness and tidiness of linens and apparel of a more or less intimate and private use and character. Such information was difficult to gather; it was to be searched out in a painstaking way from house to house; and when customers were obtained they were held ordinarily, not by the personal influence of drivers of wagons and solicitors, but by a satisfying personal service rendered by the laundry to its patrons." Appellant then attempts from the facts in the present case to paint a different picture of his situation. We are convinced that no difference exists. The decision of the court in *Empire Steam Laundry* v. *Lozier* was very largely based upon the opinions in two

New York cases, one dealing with the rights of a grocery company as against the activities of one of its former canvassing agents, the other with a controversy between a dealer in teas, coffees and spices and one of its solicitors. Moreover, the supreme court has directly applied the doctrine of *Empire Steam Laundry* v. *Lozier* to a case exactly like the present. It is said in the opinion in the case we have in mind: "When consideration is paid to the undisputed facts that plaintiffs were actively engaged in increasing their own business; that they advertised to this end; that they made over the list of their customers to defendant, increasing the list as new patrons applied; that defendant was really employed as a sales agent on commission, and that it was to his interest, as well as to his principals' interest, to develop the business in every legitimate way; that his wagon was a Cornish's Bakery wagon; that he advertised and used only the products of the Cornish's Bakery, it makes the case too plain for the need of further discussion. The facts fit most aptly and appositely with those of *Empire Steam Laundry* v. *Lozier,* 165 Cal. 95 [Ann. Cas. 1914C, 628, 44 L. R. A. (N. S.) 1159, 130 Pac. 1180]." (*Cornish* v. *Dickey,* 172 Cal. 120 [155 Pac. 629].) The facts here, in their general effect, fit as aptly and appositely with those of both the cases cited. (See, also, *New Method Laundry Co.* v. *MacCann,* 174 Cal. 26 [Ann. Cas. 1918C, 1022, 161 Pac. 990].)

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.