### ZIMMERN v. SOUTHERN RY. CO.
#### (1 Div. 252.)

(Supreme Court of Alabama. April 26, 1923.)

**1. Customs and usages ⬤═8—Custom of railroad to confiscate coal illegal.**

As a buyer to whom coal has been consigned by the seller is in law the owner thereof, a carrier cannot establish a custom of confiscating coal so consigned, thereby giving the carrier the right to break or change its contract to deliver the shipment to the consignee by converting the coal when it sees fit and paying the consignor the selling price; for a custom, to be valid, must be legal.

**2. Estoppel ⬤═90(1)—Coal dealer's condoning previous confiscations of coal held not to authorize subsequent confiscation.**

Conduct of a coal dealer in condoning two previous confiscations, by carriers, of coal consigned to the dealer, *held* not such an authorization or holding out as to bind the dealer to a later confiscation.

**3. Estoppel ⬤═92(1)—Ratification by consignee of confiscation by carrier of consigned coal held to depend on knowledge of facts.**

Where seller and consignor of coal accepted from railroad company the purchase price of the coal which the railroad had confiscated, and sent plaintiff, buyer and consignee, a statement disclosing a credit therefor, whether buyer's accepting and retaining the credit by subtracting such credit from subsequent remittances was a ratification and would estop him from recovery against the carrier for such confiscation depended on whether such acceptance of the credit, whether before or after suit was brought against the carrier, was with knowledge of the item and the source from which it arose, and whether the buyer acted promptly in restoring the credit as soon as he learned what it was for.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Samuel Zimmern, doing business as Zimmern's Coal Company, against the Southern Railway Company. Judgment for plaintiff, and he appeals. Reversed and remanded.

See, also, 207 Ala. 169, 92 South. 437.

The complaint, in separate counts, claimed damages for the conversion of certain carloads of coal, and, by added counts, damages for failure of defendant, a common carrier, to deliver said coal.

The following special plea was interposed by the defendant:

"The defendant avers that it has deposited with the clerk of the court the full amount of the court costs in this cause accrued to the date of the filing of this plea, including the cost of filing this plea, and the defendant further avers that subsequent to the filing of this suit, the Bessemer Coal, Iron & Land Company, acting as agent for the plaintiff and with authority from the plaintiff, presented to the defendant invoices for the said coal, and the defendant upon receipt of the said invoices from the plaintiff's said agent, as aforesaid, paid to the Bessemer Coal, Iron & Land Company, as agent for the plaintiff, the amount of the said invoices in full settlement and satisfaction for the conversion of the said coal, and the Bessemer Coal, Iron & Land Company, acting within the line and scope of its agency, and with authority from the plaintiff, gave to the defendant a receipt in full for the payment for said coal, which said receipt is in writing."

The plaintiff introduced in evidence bills of lading showing shipment of various cars of coal to plaintiff at Pensacola, Fla., by Bessemer Coal, Iron & Land Company from various stations in Alabama; and also, various letters written by defendant's general superintendent of transportation to plaintiff, stating that, "owing to the extreme shortage of company fuel and in order to keep * * * trains in operation, it was necessary for" defendant "to confiscate" the designated cars of coal originally consigned to plaintiff, "and use for company fuel"; and that if plaintiff "will kindly let me have invoice in triplicate, covering the value of this coal, I shall be glad to arrange settlement."

During the examination of W. A. Reed, treasurer and assistant secretary of the Bessemer Coal, Iron & Land Company, as a witness for defendant, defendant asked this question:

"Mr. Reed, state whether, or not, on occasions prior to this occasion, when coal shipped by your company to Mr. Zimmern here, the plaintiff in this case, had been confiscated by railroads, the Bessemer Coal, Iron & Land Company had presented the railroad company with the bills for the coal."

The plaintiff objected, the court overruled the objection, and the witness answered:

"Yes, sir; we have on two other occasions, prior to this one."

Over further objections of the plaintiff, defendant was permitted to elicit from the witness testimony to the effect that on one of the occasions the conversion was by the Southern Railroad, the other by the Louisville & Nashville; that the bills for that coal converted by the Southern Railroad were paid by it; and that there had been some correspondence between the coal company and plaintiff with reference to the transaction. To the introduction of this correspondence plaintiff objected, and counsel for defendant stated:

"We expect to show that in both instances, the two transactions were handled exactly the same. The general custom to that effect is that Mr. Zimmern acquiesced in that general custom on that occasion."

The court overruled plaintiff's objection, and these letters were introduced:

"July 15, 1920.

"Zimmern's Coal Co., Mobile, Alabama—Gentlemen: Replying to yours of the 10th in regard to Southern 281242, NYC & HR 38375 and Southern 100012: All of these cars have been confiscated by the Southern and we have billed the Southern with the coal. Unless you particularly request it we prefer to leave the matter as it is. Yours truly."

"Zimmern's Coal Company.

"Bunker, Cargo and Domestic Coal.

"Mobile, Ala., and Pensacola, Fla.

"July 10, 1920.

"Bessemer Coal, Iron & Land Co., Birmingham, Alabama—Gentlemen: We are in receipt of a joint letter to you and us from General Supt. of Transportation, Southern R. R., regarding three cars confiscated by the Southern R. R., Sou. 281242, NYC & HR 38735 and Southern 100012. We rendered invoices to the Southern R. R. on these cars, but when we found that you had not charged us with them we requested that they be returned, we presume that you have billed the Southern R. R.

"Yours very truly, Zimmern's Coal Co.,
"S. Zimmern."

Further evidence of this witness, admitted over plaintiff's objection, was to the effect that bills had been rendered to the defendant, payment made by defendant, and credit given on the coal company's books to plaintiff's account.

There was also evidence that in subsequent settlement between the plaintiff and the coal company the amount paid by the defendant was deducted in plaintiff's favor; as well as evidence that the plaintiff did include this amount in a remittance to the coal company.

Plaintiff objected to a portion of the argument by defendant's counsel in which he stated, in substance, that plaintiff was paying $6 a ton for coal, and that that was all he should get for it.

Harry T. Smith & Caffey, of Mobile, for appellant.

Any act of the principal inconsistent with continued authority in the agent is an implied revocation of such authority. Hughes v. Clifton, 147 Ala. 531, 41 South. 998; Langdon v. Langdon, 4 Gray (Mass.) 186; Sleepy Eye Milling Co. v. Chicago Ry. Co., 119 Minn. 199, 137 N. W. 813; Flynn v. Butler, 189 Mass. 377, 75 N. E. 730; Brown v. Bunger (Ky.) 43 S. W. 714; Clark v. Mullenix, 11 Ind. 532; Hatch v. Ferguson, 66 Fed. 668, 14 C. C. A. 41. A ratification on one occasion is insufficient to show agency. Simon v. Johnson, 101 Ala. 368, 13 South. 491; Lyles-Black Co. v. Alldredge, 10 Ala. App. 632, 65 South. 696; Elliott v. Bankston, 159 Ala. 462, 49 South. 76; Temple v. Pomroy, 4 Gray (Mass.) 128; Danaher v. Garlock, 33 Mich. 295; Bank v. Dobbins, 96 Mo. App. 693, 70 S. W. 1089. The custom of the consignor to rescind the sale after title had passed to the consignee and after conversion by the railroad, so as to deprive the consignee of his rights against the wrongdoer, if it existed, would be void. Byrd v. Beall, 150 Ala. 122, 43 South. 749, 124 Am. St. Rep. 60; West v. Ball, 12 Ala. 340; Ferguson v. Morris, 67 Ala. 389; Petty v. Gayle, 25 Ala. 472; M., J. & K. C. v. Bay Shore Lbr. Co., 165 Ala. 610, 51 South. 956, 138 Am. St. Rep. 84; Barron v. M. & O. R. Co., 2 Ala. App. 555, 56 South. 862; A. G. S. v. Altman, 191 Ala. 429, 67 South. 589; So. Ry. v. Brewster, 194 Ala. 47, 69 South. 111. Ratification can only be predicated on full knowledge of the facts. Herring v. Skaggs, 73 Ala. 446; Moore v. Ensley, 112 Ala. 228, 20 South. 744; Clark v. Taylor & Co., 68 Ala. 453. The argument of defendant's counsel was prejudicial. L. & N. R. Co. v. Orr, 91 Ala. 548, 8 South. 360.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Proof of a previous similar transaction, coupled with proof of the general custom, warranted the jury in finding implied authority in the coal company to settle. Tenn. River Trans. Co. v. Kavanaugh Bros., 101 Ala. 10, 13 South. 283; Quinn v. Dresbach, 75 Cal. 159, 16 Pac. 762, 7 Am. St. Rep. 138; Grant v. Humerick, 123 Iowa, 571, 94 N. W. 510. When appellant remained silent, and permitted the coal company to collect from the appellee for the coal, he estopped himself to deny authority in the coal company. Irvin v. Irvin, 207 Ala. 493, 93 South. 520; Gibson v. Snow Hdw. Co., 94 Ala. 346, 10 South. 304; 1 Mechem on Agcy. §§ 364, 933; 2 C. J. 472. There was authority by ratification, when Zimmern accepted the benefit of the settlement under circumstances that show he had full knowledge of the facts. Hoene v. Pollak, 118 Ala. 617, 24 South. 349, 72 Am. St. Rep. 189; 2 C. J. 493; Martin v. Powell, 200 Ala. 46, 75 South. 358; Payne v. Hackney, 84 Minn. 195, 87 N. W. 608; Cobb v. Edson (Sup.) 84 N. Y. S. 916; Dowagiac Mfg. Co. v. Hellekson, 13 N. D. 257, 100 N. W. 717; Sanders v. Peck, 87 Fed. 61, 30 C. C. A. 530; Spencer v. McCament, 7 Cal. App. 84, 93 Pac. 682; Wann v. Scullin, 235 Mo. 629, 139 S. W. 425; Goldschmidt & Co. v. Wagner (Tex. Civ. App.) 99 S. W. 737; Washington v. Colvin, 55 Okl. 774, 155 Pac. 251; Mayfield Woolen Mills v. Long (Tex. Civ. App.) 119 S. W. 908; Worsley v. Ayres, 144 Iowa, 676, 123 N. W. 353; Spencer v. McCament, 7 Cal. App. 84, 93 Pac. 682; Gardner v. City of Glendale, 45 Cal. App. 641, 188 Pac. 307; Nye-Schneider-Fowler Grain Co. v. Hopkins, 99 Neb. 244, 155 N. W. 1097.

ANDERSON, C. J. [1] "It is the well-settled general rule that in order that a custom or usage may be regarded as binding, it is essential that it be legal, and that a custom will not be recognized which is contrary

to established law, inconsistent with good morals or in conflict with the general or public policy of the law." 27 R. C. L. p. 164. It has been settled that if, on a given state of facts, the rights and liabilities of the parties to a contract are fixed by the general principles of the common law, they cannot be changed by any local custom of the place where the contract was made. Barnard v. Kellogg, 10 Wall. 383, 19 L. Ed. 987. "No usage is good which conflicts with an established principle of law, any more than one which contravenes or nullifies the express stipulations of a contract." East Birmingham Land Co. v. Dennis, 85 Ala. 565, 5 South. 317, 2 L. R. A. 836, 7 Am. St. Rep. 73; Boon v. The Belfast, 40 Ala. 184, 88 Am. Dec. 761; People's Bank v. Walthall, 200 Ala. 122, 75 South. 570, and cases cited. The usage must be reasonable, and not "oppose or alter established legal principles, and upon a given statement of facts make the rights or liabilities of individuals other than they are at common law." Byrd v. Beall, 150 Ala. 122, 43 South. 749, 124 Am. St. Rep. 60. The contract of shipment in the present case made the plaintiff, the consignee, the legal owner of the shipment of coal, and the law and the contract fixed the rights, the duties, and the obligation of the parties, and the custom sought to be established by the defendant carrier, in effect, gave it the right to break or change its contract to deliver the shipment to the consignee by converting the coal whenever it saw fit and paying the consignor the selling price; thus in effect giving the carrier the power and authority to convert to its own use the shipment and rescind the plaintiff's contract. In other words, the carrier would have the power to, in effect, nullify the contract as to the plaintiff by taking his property and substituting itself in his place by paying the consignor the selling price. If such a custom could govern the shipment of coal, it could be established so as to extend to other goods or commodities, and it would be contrary to public policy to recognize a custom which would permit public carriers to convert to their own use articles they had contracted to deliver by in effect stepping into the shoes of the consignee.

[2] We do not think that the conduct of the plaintiff in condoning the two previous confiscations or conversions, especially when considered with its letter to the Bessemer Company of July 10th, was such an authorization or holding out as to bind this plaintiff to the confiscation or conversion in question.

[3] There was enough evidence, however, to carry the case to the jury upon the theory or doctrine of ratification by the plaintiff. It was shown that the consignor accepted from the defendant the purchase price of the coal and gave the plaintiff credit for same and sent plaintiff a statement disclosing such credit and what it was for, and the plaintiff accepted and retained same by subsequent remittances less said credit, and if this was done knowingly, either before or after the suit was brought, this would be in effect a ratification and would estop the plaintiff from a recovery. In order, however, for it to have this result, it must have been accepted and retained with a knowledge of the item in question and the source from which it arose, and the plaintiff claims that he had no knowledge of the nature or character of the credit until months afterwards, when he immediately repudiated the transaction and restored to the Bessemer Company the amount of said credit. If this be true, this would not operate as a ratification. On the other hand, if this plaintiff accepted or retained this credit, after knowledge of what it was, whether acquired before or after the suit was brought, he was bound by the settlement, for in order to escape the result of same he must have acted promptly in restoring the credit as soon as the information was obtained. He could not knowingly retain the same and then months afterwards restore it for the purpose of enhancing his right to recover in the pending action.

Since this case must be reversed, it is unnecessary to determine whether the failure to exclude the argument of counsel as excepted to was reversible error. It is sufficient to say that the plaintiff was not confined as to the amount of recovery to the cost of the coal at the mine.

We find in the record several charges requested by the plaintiff which are not indorsed as given or refused and signed by the trial judge, and which was no doubt due to oversight or inadvertence. It is proper to say that the statute should be complied with in this respect.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.