(102 So. 447)

## ARRANT v. GEORGIA CASUALTY CO.
### (6 Div. 982.)

(Supreme Court of Alabama. Dec. 18, 1924.)

**1. Property ⟐⇒2—Information accessible to others not subject of ownership, but only memorial thereof.**

Though property rights exist in information so that one who spends time, money, labor, and thought in codifying and tabulating it is the owner of it, there can be no ownership of information accessible to others, but only ownership of memorial thereof, or collective form into which it has been cast by labor of claimant.

**2. Principal and agent ⟐⇒48—Ordinarily lists or compilation of information by agent in course of agency are property of principal rather than of agent.**

Generally lists or compilation of information prepared by an agent in the course of agency and communicated to principal are property of principal, and not of agent.

**3. Customs and usages ⟐⇒8—Not good, if conflicts with established principle of law.**

No custom or usage is good which conflicts with an established principle of law.

**4. Customs and usages ⟐⇒8—Lists compiled by agent showing policies written and expiration held not claimable by agent as his property by reason of custom or usage.**

Tabulated lists of policies written by insurance agent showing expiration dates compiled by agent during his agency for insurance company, and communicated to it by reason of and in course of agency, could not be claimed by agent as his property by reason of a custom or usage; such custom being in conflict with the principles of law governing the relation of agency, and the agency contract clearly negativing theory of ownership by agent.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Georgia Casualty Company against A. J. Arrant, wherein defendant filed pleas of recoupment, on filing of which plaintiff dismissed its complaint, and cause proceeded on cross-claim only. Judgment for plaintiff on such cross-claim, and defendant appeals. Affirmed.

The Georgia Casualty Company sued the defendant, who was its general agent, for $7,500 alleged to be due on account of monthly balances due on premiums collected by defendant on policies written by him for the plaintiff.

Defendant filed two pleas of recoupment numbered 3 and 4, whereupon plaintiff dismissed its complaint, and the cause remained in court on the cross-claim only.

Plea 4 (in effect a complaint), omitting the formal first paragraph, is as follows:

"Plaintiff and defendant entered into a contract, dated January 1, 1920, which contract reads as is set forth in the printed contract form hereto attached, and made a part hereof, the same as if set out herein.

"Defendant further alleges that at the time of making said contract there was a generally recognized custom in the state of Alabama, which custom was known to both the plaintiff and the defendant and was in force and effect at the time of making said contract and with reference to which custom said contract was entered into, under which custom, as between the general agent of a casualty insurance company and the company, for the purpose of soliciting renewals of expired policies, or policies that would expire, thereafter, obtained or issued through the work and labor of such general agent, the general agent writing casualty insurance had as to that purpose full, complete, and exclusive ownership of all knowledge, information, and data obtained, collected, or compiled by the agent or by the company during the agency relation, relative to the expiration and renewals of policies procured from the

company through the efforts and labors of such general agents.

"Defendant further alleges that under said general custom, both during the continuance and after the termination of the agency employment between the general agent and the insurance company, the insurance company had no right to use the knowledge, information, or data it had acquired during the agency relation and by virtue thereof concerning expirations and renewals of policies written through the work and labor of such general agent in any manner antagonistic to the general agent's right, in the knowledge, information, and data obtained, compiled, or collected relative to the expirations and renewals of policies, and that both during the continuance of and after the termination of the agency relation, the general agent had for the purpose of soliciting and procuring renewals of expired policies, written by the company through his efforts, the right to the sole and exclusive use of the knowledge, information, and data concerning the expirations of policies acquired by the company by means of the agency relation.

"And defendant further alleges that numerous policies of insurance were written by the defendant for the plaintiff company under said contract and at great expenditure of time, money, and efforts by defendant, and that as a proximate consequence thereof the business of the defendant and his profits were materially and substantially increased, and that the prestige and reputation of the defendant's business was considerably enhanced.

"Defendant further alleges that under and by virtue of said contract above specified, and through the regular course of conduct of defendant's business, and by means of confidential communications between the defendant and the plaintiff company in the execution of the duties arising under said contract, the plaintiff's company, its agents, servants, and employees came into possession of much valuable information relative to the expiration of policies of insurance written by the defendant and his agents, which information the defendant had procured up to the time of making said contract with the plaintiff company, and for several years previous thereto, while the defendant was engaged in operating a general insurance agency in Birmingham, Ala., trading under the style and name of Arrant Insurance Agency, and representing various insurance companies in Alabama. Defendant further alleges that in carrying on said business the defendant had employed a large number of subagents and officers. Defendant in establishing his said insurance business before entering into said contract with the plaintiff company had expended much money, labor, and effort, and had put said business on a firm basis and had obtained numerous clients and customers, who were constantly being served by means of the defendant's business; the defendant had obtained, compiled, and codified much information and statistics and facts in reference to insurance matters, both by himself and by his agents, servants, and employees, and defendant further avers that all the facts and information relative to the expiration of policies written by him and his agents, and the good will of his clients in respect thereof, was and is the property and property rights of the defendant.

And defendant further avers that the plaintiff company in utter disregard of his property and property rights as aforesaid before and after the termination of said contract, did through its agents, servants, and employees then and there acting in the line and scope of their employment, place lists of the expiration of the said policies written by the defendant and the defendant's agents, and divers information in reference to the same in the hands of another general agent otherwise known as the Prowell Insurance Agency, and also placed renewal policies in the hands of the said Prowell Agency and in the hands of the employees of the claim department of the plaintiff company in Birmingham, Ala. And defendant avers that as a proximate consequence of the plaintiff's act, acting by and through its servants, agents, and employees, then and there acting within the line and scope of their employment in so placing the said list of expirations and renewal policies with the said Prowell Insurance Agency, and with the employees of the claim department of the plaintiff company, all of which were in violation of defendant's rights under the contract with plaintiff as aforesaid; and in violation of a duty owing from the plaintiff to defendant under the contract, on which the plaintiff sues the defendant in this case, the said Prowell Insurance Agency, its agents, servants, and employees and the employees of the claim department of the defendant (plaintiff) company have used and are using information and facts and statistics obtained, compiled, and codified by the defendant, and to which defendant has the right of exclusive use and have solicited and continue to solicit up to this time the renewal of policies written by the defendant and his agents, and by reason of their having knowledge, information, and data from plaintiff as to which defendant has the right of exclusive use, they have renewed numerous policies written by the defendant and his agents in the first instance, and they have materially interfered with the defendant's business, and they have destroyed the defendant's property and property rights in said knowledge, information, data, and statistics as aforesaid, and have almost wrecked and ruined defendant's insurance business, established by years of painstaking toil and sacrifice.

"Defendant further alleges that as a proximate consequence of the violation by the plaintiff of defendant's said rights in turning over to the Prowell Insurance Agency, its agents, servants, and employees, and to the employees in the claim department of the plaintiff and to others, knowledge, information, data, and statistics belonging to the defendant, the persons so receiving such information, acting by and with the concert and agreement of plaintiff, and for plaintiff's benefit, have used such knowledge and information to approach insurance clients and patrons of the defendant at the critical time when insurance policies they had obtained from the defendant were about to expire, and have solicited insurance from them, using knowledge, the use of which belonged exclusively to defendant, and have thereby caused multitudes of defendant's clients and patrons, who had for years procured their casualty insurance from the defendant, to take their insurance to other agents of the plaintiff, and other people working for the benefit of the

plaintiff, all to defendant's damage in the sum of $50,000, as aforesaid, which sum defendant hereby and herewith claims of plaintiff as damages."

The pertinent provisions of the contract between the parties are sufficiently stated in the opinion.

A demurrer was interposed to the two pleas of recoupment, assigning numerous grounds, and was sustained by the trial court. The appeal is from that ruling.

Black, Harris & Foster, of Birmingham, for appellant.

Property rights exist in information. Int. News Service v. Associated Press, 248 U. S. 215, 39 S. Ct. 68, 63 L. Ed. 211, 2 A. L. R. 293; Id., 245 F. 244, 157 C. C. A. 436, 2 A. L. R. 317; Pomeroy Ink Co. v. Pomeroy, 77 N. J. Eq. 293, 78 A. 698; Int. Register Co. v. Recording Fare Register Co. (C. C.) 139 F. 785; F. W. Dodge Co. v. Construction Information Co., 183 Mass. 62, 66 N. E. 204, 60 L. R. A. 810, 97 Am. St. Rep. 412; McDearmott C. Co. v. Board of Trade, 146 F. 961, 77 C. C. A. 479, 7 L. R. A. (N. S.) 889, 8 Ann. Cas. 759; Board of Trade v. C. C. Co., 145 F. 28, 76 C. C. A. 28; Barfield v. Nicholson, 2 Sims & S. 1, 2 L. J. Ch. 90. One who acquires information by virtue of confidential relationship with the owner cannot use it to the prejudice of the owner. 14 R. C. L. 402; 21 R. C. L. 825; 31 Cyc. 1450; 121 F. 620, 57 C. C. A. 646, 61 L. R. A. 176; Latta v. Kilbourn, 150 U. S. 541, 14 S. Ct. 201, 37 L. Ed. 1169; Louis v. Smellie, 73 L. T. 226; Merryweather v. Moore, 61 L. J. 505; Lamb v. Evans, 62 L. J. Ch. 404; High on Inj. § 19; Pressed Steel Car Co. v. Standard Steel, 210 Pa. 464, 60 A. 4. Where the parties contract with knowledge of a general custom and with reference thereto, such custom becomes a part of the measure of their contractual obligations. Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 So. 203; Ellis v. Casey, 4 Ala. App. 518, 58 So. 724; Gindrat v. Mechanics' Bank, 7 Ala. 324; Buyck v. Schwing, 100 Ala. 355, 14 So. 48; Montg. Enterprises v. Empire Theater Co., 204 Ala. 566, 86 So. 880, 19 A. L. R. 987; Alcazar Am. Co. v. Mudd & Colley, 204 Ala. 509, 86 So. 209; Mallory S. S. Co. v. Druhan, 17 Ala. App. 365, 84 So. 874; Smith v. Waldrop, 201 Ala. 37, 77 So. 331; U. S. H. & A. Co. v. Hill, 9 Ala. App. 222, 62 So. 954; Cole Motor Co. v. Tebault, 196 Ala. 382, 72 So. 21; Smith Lbr. Co. v. Jernigan, 185 Ala. 125, 64 So. 300, Ann. Cas. 1916C, 654.

Stokely, Scrivner, Dominick & Smith, and Andrew J. Thomas, all of Birmingham, for appellee.

Where the relation of principal and agent exists, there can be no confidential communication by the latter to the former, as regards information acquired by the latter in connection with the business of the former, and no property right exists in the latter as to such information. Pomeroy Ink Co. v. Pomeroy, 77 N. J. Eq. 293, 78 A. 698; Barfield v. Nicholson, 2 S. & S. 1, 2 L. J. Ch. 90; Mackechnie Bread Co. v. Huber, 60 Cal. App. 539, 213 P. 285; Empire Steam Laundry Co. v. Lozier, 165 Cal. 95, 130 P. 1180, 44 L. R. A. (N. S.) 1159, Ann. Cas. 1914C, 628; Witkop & Holmes Co. v. Boyce, 61 Misc. Rep. 126, 112 N. Y. S. 874; Stein v. Nat. L. I. Co., 105 Ga. 821, 32 S. E. 615, 46 L. R. A. 150; Nat. F. I. Co. v. Sullard, 97 App. Div. 233, 89 N. Y. S. 934. No usage or custom is good which conflicts with the law. Zimmern v. Sou. Ry., 209 Ala. 284, 96 So. 226, 29 A. L. R. 1237; Barlow v. Lambert, 28 Ala. 704, 65 Am. Dec. 374; First Nat. Bank v. Nelson, 105 Ala. 180, 16 So. 707; U. S. L. & C. Co. v. Cole, 202 Ala. 688, 81 So. 664.

SOMERVILLE, J. [1] The propositions of law upon which appellant bases his right to recover under his pleas of recoupment are thus stated by his counsel in their brief:

(1) Property rights exist in information, and one who spends time, money, labor, and thought in codifying and tabulating information is the owner of it.

(2) Such owner may communicate such information to another without thereby destroying his property rights in it, and one who acquires such information by virtue of a confidential relationship with the owner, or for a contractually limited purpose, cannot use it for other purposes to the prejudice of the owner, without his consent.

In a general way, these propositions seem to be well supported by the authorities. F. W. Dodge Co. v. Construction Inf. Co., 183 Mass. 62, 66 N. E. 204, 97 Am. St. Rep. 412; Int. News Service v. Associated Press, 245 U. S. 215, 39 S. Ct. 68, 63 L. Ed. 211, 2 A. L. R. 293; Board of Trade v. Cella Commission Co., 145 F. 28, 76 C. C. A. 28; McDearmott Com. Co. v. Board of Trade, 146 F. 961, 77 C. C. A. 479, 7 L. R. A. (N. S.) 889, 8 Ann. Cas. 759; Merriweather v. Moore, 61 L. J. Ch. 505. It must be understood, however, that where the information is accessible to others there can be no ownership of the information itself, but only of the memorial thereof—the *collective form* into which it has been cast by the labor of the claimant.

The question here presented is whether a *tabulated list of the policies written by* appellant, showing the dates of their expiration, compiled by appellant during his agency for the insurance company, and communicated by him to the company by *reason of* and in the course of the agency, became and remained the property of the agent in such sense that, after the termination of his agency, his principal, the insurance company, could not use it in the prosecution of

its business in competition with the agent's general business.

[2] Ordinarily, under the general principles of law which regulate the relation of agency and fix the obligations of the contracting parties with respect thereto, a list or compilation such as that referred to would belong to the principal, and not to the agent. Empire, etc., Laundry v. Lozier, 165 Cal. 95, 130 P. 1180, 44 L. R. A. (N. S.) 1159, Ann. Cas. 1914C, 628; Mackechnie Bread Co. v. Huber, 60 Cal. App. 539, 213 P. 285; Witkop, etc., Co. v. Boyce, 61 Misc. Rep. 126, 112 N. Y. S. 874; Pomeroy Ink Co. v. Pomeroy, 77 N. J. Eq. 293, 78 A. 698.

Appellant seems to recognize this principle, and seeks to avoid its effect by alleging that:

"There was a generally recognized custom in the state of Alabama, which custom was known to both the plaintiff [the company] and the defendant [the agent], and was in force and effect at the time of making said contract, and with reference to which custom said contract was entered into, under which custom, as between the general agent of a casualty insurance company and the company, for the purpose of soliciting renewals of expired policies, or policies that would expire thereafter, obtained or issued through the work and labor of such general agent, the general agent * * * had as to that purpose full, complete, and exclusive ownership of all knowledge, information, and data obtained, collected, or compiled by the agent, or by the company during the agency relation, *relative to the expiration and renewals of policies* procured from the company through the efforts and labors of such general agents."

[3] But "no [custom or] usage is good which conflicts with an established principle of law, any more than one which contravenes or nullifies the express stipulations of a contract." East Birmingham Land Co. v. Dennis, 85 Ala. 565, 569, 5 So. 317, 2 L. R. A. 836, 7 Am. St. Rep. 73; Byrd v. Beall, 150 Ala. 122, 43 So. 749, 124 Am. St. Rep. 60; People's Bank v. Walthall, 200 Ala. 122, 75 So. 570; U. S. L. & C. Co. v. Cole, 202 Ala. 688, 81 So. 664; Zimmern v. So. Ry. Co., 209 Ala. 284, 96 So. 226, 29 A. L. R. 1237.

[4] This principle, we are constrained to hold, is applicable to the facts shown, and is fatal to appellant's right to recover.

Section 14 of the contract binds the agent to serve no other competitor company during the agency; section 3 requires him to "use the utmost diligence and give his best efforts to the procuring of business and writing and issuing policies of insurance *on behalf and for the benefit of the company*"; section 4 requires him to "keep a true and complete record of all policies of insurance is-

sued by him on behalf of the company; and section 5 to make a true and correct daily report of all policies issued; section 8 requires the agent to "render to the company a true and complete statement, in form such as the company may require, showing the number and descriptions of and amount insured by all policies written or issued by or by authority of the agent"; and section 2 binds the company to furnish policy registers and books of account, * * * in which, by said agent, shall be faithfully and correctly entered, written and recorded all transactions, or matters connected with the business of the company * * * transacted by said agent. * * * Provided that all forms of policies and manuals, books of account, and other documents furnished by the company to said agent, as well as all letters and applications received, *records and other documents and* papers, or copies of same, *relating to the business of the company*, are and shall be and remain the property of the company, and shall be delivered to the company * * * on demand therefor." (Italics supplied.)

These provisions are a clear and direct negation of appellant's theory of his ownership of the expiration lists, and the information tabulated therein, by virtue of a custom prevailing in the insurance business in Alabama, though it was known to the parties, to say nothing of the repugnance of the asserted custom to the general principles of the common law of principal and agent, adverted to above.

For this reason, if for no other, we think the demurrers to the special pleas of recoupment were properly sustained.

Of course if the agent, *before entering into this contract* with the insurance company, had compiled a list of outside customers, showing the dates of their policy expirations, and that list had been improperly obtained, or had been confidentially obtained for a limited purpose only, by this company, and was improperly used by it to the agent's injury, a different question would be presented. But the pleas make no such case, though they hint more or less obscurely at the use of information gathered by the agent before his contract with this company was made.

Other objections to the sufficiency of the case made by the pleas are pressed in argument, but it is not necessary to consider them now.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.