HARDIN COUNTY FARM BUREAU of Hardin County, Kentucky, a Corporation, Appellant,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, a Corporation, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 9, 1960.

plications, printed matter, supplies, and records of policies furnished to him; same shall be returned to the Company, upon demand, and he shall be responsible for any misuse thereof."

Soon after purchasing the agency, appellant secured the services of Charles A. Huffman, who entered into a similar General Agent's agreement with the Insurance Company. Huffman continued to conduct the business of the agency until 1956, at which time his contract with the Insurance Company was terminated and the office records were removed by the Insurance Company.

Appellant maintains that the records were the property of the agency and that the Insurance Company unlawfully took possession of them. In the alternative it is argued that, if the Insurance Company is the owner of the records, then appellant has been materially damaged by alleged false representations made by appellees.

██ There is a recognized distinction between an agency serving a direct writing insurance company and an agency functioning under the American Agency System. Usually by contract a direct writing company maintains title to the records which come into the hands of the agency serving it. On the other hand, companies represented by the American Agency System ordinarily do not own the records in the hands of the agent. An agency functioning under the American Agency System usually represents several insurance companies and on occasion places insurance with each of said companies. An agency representing a direct writing company, on the other hand, represents the single company and must place all insurance which comes to it with that company. The appellee, Farm Bureau Mutual Insurance Company, is a direct writing company and the agency purchased by appellant served that company and no other. For a general discussion regarding rights between insurance companies and insurance agents see Port Investment Company v. Oregon Mutual Fire Insurance

Hatcher & Lewis, Elizabethtown, for appellant.

L. A. Faurest, Jr., Elizabethtown, Jack Q. Heath, Louisville, for appellees.

WILLIAMS, Judge.

In 1944, an insurance agency was established in Hardin County for the purpose of selling policies in the Kentucky Farm Bureau Mutual Insurance Company. The agency was acquired by Otis L. Polley in 1950, and was sold by Polley to appellant, Hardin County Farm Bureau, in 1952. The purchase price in each instance was approximately $600. Polley had entered into a General Agent's agreement with the Insurance Company, which provided in one section thereof as follows:

"General Agent shall be held strictly responsible for all rate books, ap-

Company, 163 Or. 1, 94 P.2d 734, 124 A.L. R. 1342, and the Annotation.

■ Most of the records held by an agency are referred to in the insurance business as "expirations." Those records constitute the primary value of an insurance agency.

Appellant contends that it is the custom in the locality where this transaction took place that the agent is the owner of the expirations, and that when the agency was purchased from Polley it was with the understanding that the expirations were owned by Polley. It is not shown, however, that such custom is not limited to agencies functioning under the American Agency System. In addition, it is uncontradicted that both Polley and Huffman entered into a General Agent's agreement with the Insurance Company which specifically provided that records should be returned to the Company upon demand.

■■ There was testimony to the effect that appellant had been advised by appellees that it would own the insurance agency after the purchase was made from Polley. As has been pointed out, two types of agencies exist. It is as feasible to purchase an agency which does not own the expirations as it is to purchase an agency which does, the only apparent difference being the value of the one as compared to the other. Representation that an insurance agency would be owned after purchase is not false representation even though it develops that the agency purchased is one serving a direct writing company. The purchaser is nonetheless the owner of an insurance agency, although his right to make use of the expirations exists only so long as his contract with the company continues.

■ Appellant purchased an insurance agency from an agent who had entered into a contract with a direct writing insurance company, which provided that the company was the owner of the records held by the agency. By contract, as well as by recognized custom, the seller had no authority to

transfer the expirations, title of which remained in the Insurance Company.

■ The circuit court found that appellant was not the owner of the expirations and that no misrepresentations were made by appellees. We agree.

The judgment is affirmed.