JACK D. BALLAGH and MARY BALLAGH d/b/a BALLAGH'S INSURANCE AGENCY, appellees, v. POLK-WARREN MUTUAL INSURANCE ASSOCIATION a/k/a FARMERS MUTUAL FIRE INSURANCE ASSOCIATION, appellant; EARL McCLANNAHAN et ux., intervenors.

No. 51570.

(Reported in 136 N.W.2d 496)

1335

JULY 29, 1965.

REHEARING DENIED SEPTEMBER 21, 1965.

Robert R. Rydell, of Des Moines, for appellant.

Earl W. Sutton, of Altoona, for appellees.

M. D. Seiser, of Ames, for intervenors.

STUART, J.—Fire insurance agents brought this action in equity for a declaratory judgment to determine their rights in the expirations of policies written by the former owner of their agency with defendant company. Defendant cross-petitioned alleging ownership of the expirations and seeking to enjoin plaintiffs from using them to procure business. The former owner of the agency intervened after plaintiffs had notified him to defend under the contract for the sale of the agency and threatened to sue him in the event they were unsuccessful in their action. The petition of intervention injected the issue of whether the contract included the expirations on the policies in defendant company. The trial court held intervenor sold the expirations to plaintiffs and that defendant could not solicit this business. Defendant and intervenor appealed.

Three terms will appear repeatedly in this opinion which should be explained in advance. "Expirations" as used in the insurance business has a special meaning. It refers to a list of policies or copies of policies which show the name and address of the insured, a description of the article insured, expiration date of the policy, premium and all other information necessary to execute an insurance contract. Kerr & Elliott v. Green Mountain Mutual Fire Ins. Co., 111 Vt. 502, 18 A.2d 164; Woodruff v. Auto Owners Ins. Co., 300 Mich. 54, 1 N.W.2d 450. This information is of substantial value to any person writing insurance and is one of the main assets of an insurance agency in the form of goodwill. V. L. Phillips & Co., Inc. v. Pennsylvania Threshermen & Farmers' Mutual Cas. Ins. Co., 199 F.2d 244; F. B. Miller Agency, Inc. v. Home Insurance Co., 276 Ill. App. 418. It arises from "The well-known disposition of policyholders to accept policies offered to them in renewal of, or in lieu of, expiring policies * * *." Alliance Ins. Co. v. City Realty Co., 52 F.2d 271, 272.

American Agency System is the term applied to the principle agreed upon generally by insurance companies and independent agents relating to the ownership of expirations. It provides that upon termination of an agency agreement, if the agent has promptly accounted for and paid over premiums for which he is liable, his records and the use and control of the expirations shall remain his property and be left in his undisputed or undisturbed possession; otherwise the records and use and control of expirations shall be vested in the company. Cottingham v. Engler, Tex. Civ App., 178 S.W.2d 148. In most instances the provision, in substance, is embodied in a written agency agreement. Arrant v. Georgia Casualty Co., 212 Ala. 309, 102 So. 447; V. L. Phillips & Co., Inc. v. Pennsylvania Threshermen & Farmers' Mutual Cas. Ins. Co., 199 F.2d 244; Northwest Underwriters v. Hamilton, 151 F.2d 389; Kerr & Elliott v. Green Mountain Mutual Fire Ins. Co., 111 Vt. 502, 18 A.2d 164; McGough v. Morgret, Pa., 17 D & C 2d 559. However, it can be established by custom and usage. Kelly v. American Mine Owners Casualty Corp., 161 Va. 206, 170 S.E. 580; Alliance Ins. Co. v. City Realty Co., 52 F.2d 271; F. B. Miller Agency, Inc. v. Home

Ins. Co., 276 Ill. App. 418. See Woodruff v. Auto Owners Ins. Co., 300 Mich. 54, 1 N.W.2d 450; Port Investment Co. v. Oregon, Mutual Fire Ins. Co., 163 Ore. 1, 94 P.2d 734, 124 A. L. R. 1342.

Defendant is a county mutual insurance association. County mutuals are organized under chapter 518, Code of Iowa, and are owned by the policyholders who are subject to assessment. They write insurance only in the county of incorporation and adjoining counties. The types and amounts of insurance are limited. Their agents need not be licensed. Other casualty insurance companies are governed by chapter 515 of the Code.

On March 17, 1962, plaintiffs purchased intervenor's insurance agency upon written contract. The purchase price of $8000 was based on annual commissions, including those received from defendant. The agency represented six companies listed in the contract. After the contract had been executed, intervenor introduced plaintiffs at the office of these insurance companies. Either then or subsequently plaintiffs entered into written agency contracts with all the companies except defendant. All written contracts contained the American Agency System provision for ownership of the expirations.

Plaintiffs took over April 1, 1962. In late June or early July they were informed by Mr. W. H. Yaggy, defendant's secretary-treasurer, the association was not satisfied with the way their business was being handled and placed them "on probation". On July 26, 1962, the association through Mr. Yaggy personally and by letter terminated the agency as of July 27 and demanded delivery of the expirations on their policies. Plaintiffs refused to deliver them and had them in their possession up to time of trial. On the same date, July 27, 1962, defendant sent a form letter to all their policyholders insured through this agency, which violated the provisions of the American Agency System, if applicable to the relationship between these parties.

Defendant's propositions relied on for reversal may be consolidated into three contentions: (1) Plaintiffs did not establish the American Agency System by custom and usage in Iowa. (2) If established, it is not applicable to county mutual insurance companies, which by custom and usage retain the ownership of expirations. (3) If the American Agency System is applied to

county mutuals, the trial court went further than the cases allow in holding defendant could not solicit business from policyholders and awarding plaintiffs commissions on policies in force at the time of termination of the agency.

■ I. Plaintiffs claimed ownership of the expirations under the American Agency System alleging it was binding on the parties by custom and usage. Their evidence does not establish such custom. Several persons engaged in various aspects of the fire insurance business were called as plaintiffs' witnesses. With two exceptions all who testified in this regard operated under written contracts which embodied the terms of the American Agency System. At least two testified they never sold insurance for a company without a written contract. Plaintiffs had such written contracts with all companies except defendant. All but two were connected with chapter 515 companies and disclaimed any particular knowledge of the operation of county mutuals.

The two exceptions referred to represented county mutuals. An agent for the Jasper County Mutual operated under a written contract which gave him specified rights in the expirations which differed from the American Agency System. He also testified: "The matter of the contract is a matter of negotiations with the County Mutual Company."

The Poweshiek County Mutual operated without a written contract. The secretary-treasurer testified the company permitted a retiring agent to sell the expirations subject to the association's approval. If an agent was discharged for fault, the expirations belonged to the association. The testimony is not clear and it is difficult to tell exactly what the rights of their agents were. In conclusion he stated: "I would say it is right that if I were to sell my business to another agent who was to assume my business and who was acceptable at the time to the company that he would have some degree of ownership in the business subject to the approval of the Board of Directors of the Association. If he is accepted by the Board of Directors and is acceptable to them, then he has some degree of ownership."

This is not the American Agency System.

No one testified of an instance where the American Agency System was applied in Iowa except by written contract. If any

custom was established, it was that chapter 515 companies incorporate the American Agency System provision in their written contracts. Not even this much was established concerning county mutuals. In the cases cited above in which the custom was found to exist, there was ample evidence of this fact. It is not a custom of such general knowledge that we may take judicial notice thereof.

■ II. A person seeking to establish a right based on custom and usage must show it is known to the parties or so general that knowledge can be presumed. Couch v. Watson Coal Co., 46 Iowa 17; Bradford v. Homestead Fire Ins. Co., 54 Iowa 598, 7 N.W. 48; Des Moines Blue Ribbon Distributors v. Drewrys Ltd. U. S. A., 256 Iowa 899, 913, 129 N.W.2d 731, 740. One who seeks to take advantage of a particular custom or usage must show the same was known to him and he acted and relied thereon. Wall v. Mutual Life Ins. Co., 217 Iowa 1106, 1111, 1112, 253 N.W. 46. There is no evidence either party had knowledge of such custom or usage. Failure to prove the general custom was discussed in Division I. There is no evidence plaintiffs relied on such custom.

■ III. Defendant sought to sustain its claim of ownership of and the exclusive right to use and control the expirations by proving such custom and usage among county mutuals. It failed to do so. Jasper County Mutual agents operate under a written contract in which the agency possesses certain rights in the expirations which do not conform to the claim of either party. The secretary-treasurer for Poweshiek County Mutual conceded the approved agent had "some degree of ownership". Madison County Mutual writes insurance only through its board of directors and office personnel and does not consider itself an "agents company". Farmers Mutual of Central Iowa had a verbal agreement with its agents that the business was owned by the company. The secretary-treasurer of defendant testified their policy was that the business was owned by the company. Each county mutual operates in its own fashion and the testimony related to the particular association with which the witness was familiar.

The strongest evidence of such custom came from plaintiffs'

rebuttal witness who was associated with a chapter 515 company and had the understanding county mutual business could not be sold. He raised the question with intervenor, a member of defendant's board of directors, who assured him he could and was selling the county mutual business. The evidence was not sufficient to establish any general custom and usage among county mutuals.

The factual situation differs from that in Hardin County Farm Bureau v. Farm Bureau Mutual Ins. Co., Ky., 341 S.W.2d 62, 63, which involved a "captive agent" who represented only one company. In such case it was held the expirations belonged to the company. The same rule was applied in Port Investment Co. v. Oregon Mutual Fire Ins. Co., supra, in which the agency represented more than one company, but under the written contract had the duty of soliciting business for the particular company and not on its own behalf. A large percentage of county mutual agents are "captive agents" and are not licensed to sell for any other company, and in such situations the above cases would be in point. However, if a county mutual company permits an independent insurance agency to represent it without a specific agreement or proof of custom and usage regarding expirations the arrangement must be governed by the rules which apply to such agencies.

IV. Defendant and intervenor claim plaintiffs were told in advance defendant's expirations could not be sold and belonged to the association. This is flatly denied. The trial court resolved the factual dispute in favor of plaintiffs and his findings, while not binding in an appeal de novo, are given weight, particularly when it is a question of credibility. We agree with the trial court's finding on this question and hold plaintiffs had no actual knowledge of such custom or usage or the practice of defendant when they entered into the contract with intervenor.

V. Ownership and rights to the expirations were not settled by written contract. Neither plaintiffs nor defendant were successful in proving the existence of custom or usage under which they would have exclusive ownership of the expirations. We, therefore, must turn to the law of agency for a disposition of this case. It has long been recognized that inde-

pendent insurance agencies are an exception to the general rule that information obtained by an agent in the course of his agency belongs to his principal. Kerr & Elliott v. Green Mountain Mutual Fire Ins. Co., Port Investment Co. v. Oregon Mutual Fire Ins. Co., and Northwest Underwriters v. Hamilton, all supra; F. B. Miller Agency, Inc. v. Home Ins. Co., 276 Ill. App. 418, 428. In the Miller case the company sought to establish ownership of the expirations under the American Agency System by custom and usage. The Illinois court held they failed to establish the custom and turned the case on the law of agency, saying:

"In considering the ownership of expirations, we are aware of the underlying principle of agency, that gives to the principal the ownership of lists of customers and other similar data obtained during the agency and of the rule announced in that line of cases which gives the principal the equitable right to enjoin the agent from the use of such lists after the employment has been terminated on the theory that they are trade secrets. In our opinion, the ownership of the expirations is by reason of the peculiar relationship existing between an insurance company and its agent, and the nature of the service the agent is to render, removed from the application of the general rule. The agent may represent several companies engaged in writing the same kind of insurance. The agent solicits the business for the agency rather than for any particular company. In doing so, he acquires knowledge of the client's insurance needs and many times the amount of insurance to be written on a single risk is in excess of the amount authorized by any company he represents. He divides the risks among the companies in such manner as he may choose. He may so divide it that some of the companies he represents may not receive any part of it. Any company not receiving any part of the risk could have no right or interest in the record or information contained in such expirations. The agent may devote the whole of his time to the benefit of the agency but the ultimate benefits from such service is divided among the several companies he represents. Expirations are acquired and prepared at the expense of the agent. We are of the opinion that under the facts of this case, justice and fair dealing between the com-

pany and the agency demands that the agent be declared to be the owner of the expirations."

We therefore hold the expirations in the possession of plaintiffs belong to them.

■ VI. By so deciding, however, we have not determined whether they have the exclusive right to use the information contained therein. The trial court applied the American Agency System and held defendant could not solicit the renewal business. Most of the cases involving the American Agency System so hold. V. L. Phillips & Co. v. Pennsylvania Threshermen etc. and Kerr & Elliott v. Green Mountain Mutual, both supra. But see: Woodruff v. Auto Owners Ins. Co., 300 Mich. 54, 1 N.W.2d 450; Northwest Underwriters v. Hamilton, 151 F.2d 389, 392.

In the absence of an agreement or proof of custom and usage making it exclusively the agent's right to use the information, such right does not exist. After the agent has determined in which company he wishes to place the insurance, the information is sent to that particular company and shared with it. It would seem, therefore, that the company should have the right to use information obtainable from its own files in soliciting business. The Georgia Court expressed this principle in Arrant v. Georgia Casualty Co., supra, at page 311 of 212 Ala., page 449 of 102 So.:

"It must be understood, however, that where the information is accessible to others there can be no ownership of the information itself, but only of the memorial thereof—the collective form into which it has been cast by the labor of the claimant."

We do not believe the law of agency gives the exclusive right to use the information to the agent. Such right depends upon the American Agency System which was not established here. We therefore hold that plaintiff and defendant are both free to use information available to them from their own files in soliciting insurance business.

VII. Intervenor raises two other propositions. (1) He claims the clear and unambiguous language of the contract shows he did not sell plaintiffs the expirations in defendant company. (2) He argues that he has no obligation under the contract to defend against the defendant's cross-petition.

The contract contained these pertinent terms:

"WHEREAS, the Seller is engaged in the business as soliciting insurance agent and broker in the Town of Mitchellville, Polk County, Iowa, and in particular insofar as this indenture is concerned with the following named companies, viz: [Listing all companies including defendant].

"And WHEREAS, the Seller has agreed to sell, subject to the terms and conditions hereinafter set forth, to the buyer *all their right, title and interest in said business of which they or either of them are licensed,* and of the goodwill therein, and of any commissions which may be due or to become due on and after April 1, 1962, * * *."

■■ Intervenor argues since it is admitted he was not licensed by defendant company and no license was required that the italicized phrase clearly and without ambiguity discloses the intention of the parties that the expirations in defendant company were not being sold under the contract. We cannot agree.

Defendant was not treated differently from any of the other insurance companies in the contract. Unquestionably whatever interest intervenor had in defendant's expirations was sold to plaintiffs including goodwill and commissions. The price for the agency included commissions from defendant's policies. The question was not whether intervenor's interest in the business written in defendant's company was included in the contract, but what his interest was. No one claims plaintiffs were not entitled to commissions on renewals after April 1, 1962, or that they did not have the right to transfer the insurance to another company if they so desired as long as they were agents for defendant.

The contract does not spell out intervenor's interest, and parol evidence was admissible. "* * * Whenever an instrument is susceptible of different constructions and the parties do not agree thereon, evidence of the circumstances surrounding the parties and the transaction, as well as their conduct, is admissible as bearing upon their intentions." Decker v. Juzwik, 255 Iowa 358, 368, 121 N.W.2d 652.

We have already stated we agree with the trial court's finding that intervenor did sell the expirations on defendant's policies to plaintiffs.

VIII. Under the terms of the contract intervenor agreed to "defend said contract against the lawful claims of all persons claiming by, through or under them." Intervenor claims this does not include the defendant's claim which was in its own right and not "by, through or under" intervenor. Plaintiffs do not argue this point in their brief. Insofar as the duty to defend is concerned, we agree with intervenor's contention that this claim is not covered by the contract.

IX. It is our understanding plaintiffs have instituted a separate action against intervenor for breach of contract. We do not here decide what, if any, claims they may have against him under the rights established by this opinion.

In summary we hold plaintiffs are the owners of the expirations in defendant company which are in their possession, but they do not have the exclusive right to use the information contained therein because they failed to establish the applicability of the American Agency System to the facts. Each party is free to use information each may have in its files to solicit business.

As hereinabove modified the judgment of the district court is affirmed.—Modified and affirmed.

All JUSTICES concur except MASON and RAWLINGS, JJ., who take no part.