# FULTON GRAND LAUNDRY COMPANY

## *vs.*

## EDWARD JOHNSON.

*Unfair Competition—Trade Secret—Laundry Route.*

The list of customers on a "laundry route," being obtainable by a rival concern merely by observation, is not a trade secret, to be protected as such by a court of equity.  pp. 361, 362

An employee in an ordinary business, on going into business for himself or into the employ of another, should not be enjoined from seeking to do business with friends made by him in the course of a previous employment, merely because he became acquainted with them while so engaged and as a result of such previous employment.  p. 362

An employer may expressly contract with his employee that the latter shall not, on leaving the employer's service, solicit business in the same line from the customers of the employer in a particular territory.  p. 363

*Decided January 25th, 1922.*

Appeal from the Circuit Court No. 2 of Baltimore City (STUMP, J.).

Bill by the Fulton Grand Laundry Company against Edward Johnson. From an order in favor of defendant, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS. PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Edward F. Johnson,* for the appellant.

*George W. Cameron* on the record for appellee.

ADKINS, J., delivered the opinion of the Court.

This is an appeal from an order sustaining a demurrer to the bill of complaint filed by appellant, and dissolving a preliminary injunction which had been previously granted.

The allegations of the bill, so far as it is necessary to recite them, are substantially as follows:

That plaintiff is a corporation engaged in the general laundry business at No. 1719 East Oliver Street in Baltimore City; that the most valuable asset of the said business is the good will thereof which has been created by a course of dealing with customers for a number of years, which customers were secured only after great labor and expense; that plaintiff draws business from all that portion of said city lying east of Charles Street, which section is divided by plaintiff into districts or routes, one of which is designated No. 6; that a driver, who also acts as a solicitor for new work, is assigned to each route and is given a list of customers thereon from whom he receives laundry bundles which he takes to the plant and which, after they are laundered, he returns to the customer and collects the charges thereon; that the expenses of maintaining the route, are borne by plaintiff; that the defendant has for three years been employed by plaintiff as a driver and assigned to route No. 6; that the defendant was a trusted employee, and while in the service of plaintiff acquired knowledge of, and access to, all the customers of plaintiff on said route; that the defendant left the employ of plaintiff on September 3d, 1921, without any previous notice and without any opportunity to the plaintiff to procure another driver for said route; that while in the employ of plaintiff and without its knowledge or permission, defendant advised customers of plaintiff on said route that he intended to go into business for himself and induced them to substitute his service for that of plaintiff, and on the 5th day of September, abusing the confidence imposed in him, collected laundry bundles from about forty-five of plaintiff's customers on said route, which number represents about ninety per cent of those who usually send

their work to plaintiff on the first trip Monday morning, and turned the work over to some other laundry; that defendant was able to do this because of the knowledge of plaintiff's customers acquired by him while in its service and by virtue of his representation of it; that a few days before leaving plaintiff's employ defendant told plaintiff he had no intention of leaving, and at that time was undermining its business by attempting to entice its customers away from it; that if he is permitted to solicit the business and patronage of plaintiff on said route, great and irreparable damage will be done to plaintiff in its said business.

The theory of appellant is that the list of customers of appellant is a trade secret, and that an employee who has obtained the names of customers and has acquired his good standing with them by reason of the opportunity derived from his employment, should not be permitted to use such information, or capitalize his popularity thus acquired, to the injury of his employer after the termination of his service.

We have been referred to no decisions of this Court, nor have we been able to find any, bearing directly on this question.

The decisions in this country and in England seem to be fairly harmonious in principle as to the duty of courts to protect owners of trade secrets from disclosure by employees, but the divergences begin when the question to be determined in particular cases is, whether the thing sought to be protected should be classed as a trade secret. And this is the real question presented in this case.

A thing can hardly be said to be a secret, in the sense that it should be guarded by a court of equity, which is susceptible of discovery by observation, and which is open to the observation of any one who thinks it worth while to observe.

In this case it was not necessary for the new employer of appellee to seek his services in order to obtain the names of appellant's customers whom appellee served. He could obtain this information by the simple process of observing

each day for a week where he stopped on his daily rounds. We have no difficulty in reaching the conclusion that there is no trade secret involved in this case.

We have been referred to several California decisions and to two decisions by the intermediate court of New York, and to an English case, which support the view contended for by appellant. *Empire Steam Laundry* v. *Lozier*, 165 Cal. 95; *Lamb v. Evans,* L. R. (1893), 1 Ch. Div. 218; *People's Supply Company* v. *Light,* 157 N. Y. Supp. 15; *Witkop* v. *Boyce,* 112 N. Y. Supp. 874; *Cornish* v. *Dickey,* 172 Cal. 120. That view is also supported by *Nims, Unfair Competition,* sec. 222. But while we do not decide that there might not be cases in which an employer should be protected from the use by an employee of a list of customers, fraudulently and surreptitiously obtained, or where, in the nature of the particular case, or by reason of the care used in concealing them, the names of customers are so guarded as not to be easily obtainable by others than confidential employees, we are not willing to hold that in any ordinary business an employee, on going into business for himself or into the employ of another, should be enjoined from seeking to do business with friends he has made in the course of a previous employment, merely because he became acquainted with them while so engaged and as a result of such previous employment. Under such a rule, a travelling salesman, every time he changed employers, if in a like business, would be compelled to give up all the friends and business acquaintances made during the previous employment. Such a rule would tend to destroy the freedom of employees and to reduce them to a condition of industrial servitude. See *Wm. Rogers Mfg. Co.* v. *Rogers,* 58 Conn. 356; *Stein* v. *National Life Association,* 105 Ga. 82, 46 L. R. A. 150; *American Specialty Co.* v. *Collis Co.,* 235 Fed. at 935.

It is a significant fact that very few cases are to be found on either side of this proposition. That would seem to indicate that few attempts have been made by employers to invoke the principle contended for by appellant.

Of course, there is nothing to prevent an employer from expressly contracting with his employee that the latter shall not, on leaving the employer's service, solicit business in the same line from the customers of the employer in a particular territory, and, if by reason of the nature of the laundry business such protection is necessary, it can easily be secured by such contracts.

While the case of *Rosenstein* v. *Zentz,* 118 Md. 564, was decided on other grounds and on a different state of facts, what was said in that case, at page 575, reflects somewhat the views of the Court on the principle involved in the present case, especially in regard to the right to profit by the influence and standing which a capable and gentlemanly employee establishes with the customers with whom he comes in contact.

*Order affirmed, with costs to appellee.*

JUDGE OFFUTT dissents.