No. 24,747.

NEWTON GARST and ROBERT GARST, doing business as THE WICHITA LAUNDRY, *Appellees*, v. O. H. SCOTT, *Appellant*.

### SYLLABUS BY THE ·COURT.

INJUNCTION—*Will Not Lie to Restrain a Former Employee from Soliciting Business for Himself from Customers of His Former Employer.* An employee who solicits business and delivers work for a laundry may, upon ceasing his employment, engage in a laundry business for himself, or become the employee of another laundryman, in competition with his former employers, and solicit business from their customers from whom he had received laundry work, where he leaves with the employers all lists of the customers, and where there is no contract prohibiting him from soliciting the patronage of such customers.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed November .10, 1923. Reversed.

*George Gardner, K. W. Pringle,* and *George Austin Brown,* all of Wichita, for the appellant.

*R. R. Vermillion, Earle W. Evans, Joseph G. Carey,* and *W. F. Lilleston,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from an order granting a temporary injunction enjoining the defendant from "soliciting or receiving, on behalf of himself or another laundryman, the laundry work and clothes for pressing or dry cleaning of any of the customers of the plaintiffs, knowledge of whose names and addresses was acquired during the former employment of defendant by the plaintiffs," but that "nothing herein shall prevent the defendant from receiving the trade of such persons as were customers of the plaintiffs during the period of defendant's employment by plaintiffs which is voluntarily given to defendant without solicitation on the part of defendant."

Garst v. Scott.

The plaintiffs operated a laundry in the city of Wichita and had employed the defendant for about seven years to work a laundry route for them in that city. That had been done by soliciting customers for the plaintiffs, by receiving from those customers work to be done in the plaintiffs' laundry and by delivering that work after it had been done. The defendant quit the employ of the plaintiffs, but before ceasing work took his successor over the route and acquainted him with it and with the customers of the plaintiffs thereon. The defendant purchased an interest in a competing laundry and declared his intention to solicit business from the customers of the plaintiffs on the route on which he had worked while in the employ of the plaintiffs. He had no list of the customers but he remembered who they were and knew where they lived.

*Morrison v. Woodbury,* 105 Kan. 617, 185 Pac. 735, is cited by the plaintiffs as controlling in this action. In that case, this court said:

"The law recognizes a property right in trade secrets and confidences, and a court of equity may, when its jurisdiction is properly invoked, enjoin one in whom the confidence has been reposed, from divulging it to third persons or from taking advantage of it himself to the injury of the owner. In the case of an employee, such an obligation exists in the absence of a stipulation to the contrary.

"In an action by the owner of an insurance agency against a former employee to recover possession of original books showing the expiration of policies written by the defendant for the plaintiff, and to enjoin the making or using of copies taken from the original books, where the admissions of the defendant showed that after the action in replevin was brought, and before the injunction was asked for, he procured copies of portions of the books for the purpose of retaining them in the event the court required him to turn over the originals, and expected to use the copies for the purpose of soliciting business for other insurance companies, *held,* that it was error to deny the injunction, and upon the undisputed facts, judgment is ordered for the plaintiff." (Syl. ¶¶ 2, 3.)

In that case, a list of customers was made by the employee. Here, none was made. There, the list was the property of the employer. Here, knowledge on the part of the employee concerning the names and addresses of the customers of the plaintiffs was not and could not be the property of the employers.

The law is in confusion regarding the right of an employee to quit his employment, engage in business for himself, or enter the employment of another, in competition with his former employer, and

solicit business from the customers·of the latter, where knowledge of those customers has been obtained by the employee during the course of his employment and there is no contract prohibiting the employee from engaging in such business, taking such employment, or soliciting such customers.

In *Fulton Laundry Co. v. Johnson*, 140 Md. 359, the syllabus found in the official reports is as follows:

"The list of customers on a 'laundry route,' being obtainable by a rival concern merely by observation, is not a trade secret, to be protected as such by a court of equity.

"An employee in an ordinary business, on going into business for himself or into the employ of another, should not be enjoined from seeking to do business with friends made by him in the course of a previous employment, merely because he became acquainted with them while so engaged and as a result of such previous employment.

"An employer may expressly contract with his employee that the latter shall not, on leaving the employer's service, solicit business in the same line from the customers of the employer in a particular territory."

This syllabus is a correct summary. of the decision in that case. Against this is the *Empire Steam Laundry v. Lozier*, 165 Cal. 95, the syllabus to which reads:

"Equity will always protect an employer against the unwarranted disclosure and unconscionable use by an employee of trade secrets and confidential business communications. The equitable jurisdiction in this connection is not dependent upon express provisions in the contract of employment prohibiting such disclosure or use.

"An employee of a laundryman, whose duties were to drive a laundry wagon along a designated route in a city, to serve well the customers of his employer, to increase his business, to solicit new business, and keep a complete and confidential list of all the customers on the route, is engaged in an agency of trust and confidence, and such list, even though in part prepared by him, is the absolute, and a valuable part of the property of the employer.

"Knowledge acquired by such employee during his employment of the names and addresses of the customers along the route is in the nature of a trade secret or confidential communication, and equity will enjoin him, after the termination of his employment, from soliciting or receiving, on behalf of another laundryman, laundry work from any of such customers."

California still adheres to the latter rule. (*Mackechnie Bread Co. v. Huber*, 213 Pac. 285.) In *Empire Steam Laundry Co. v. Lozier*, supra, there was a contract between employer and employee by which the employee agreed not to solicit work from former customers nor attempt to induce them to withdraw their work from such employer, but the court disregarded that portion of the contract,

Garst v. Scott.

held it immaterial, and decided the case on the law concerning trade secrets of the employer.

There is a note on this subject found in an annotation to *Fulton Laundry Co. v. Johnson,* supra, in 23 A. L. R. 423, the first paragraph of which reads:

"It is held in the majority of the cases which have passed on the question that in the absence of an express contract, on taking a new employment in a competing business, an employee may solicit for his new employer the business of his former customers, and will not be enjoined from so doing, at the instance of his former employer."

A lengthy discussion of all the decisions will not add to what has been said in the language quoted.

A person who leaves the employment of another has the right to take with him all the skill he has acquired, all the knowledge that he has obtained, and all the information that he has received, so long as nothing is taken that is the property of the employer. Trade secrets are the property of the employer and cannot be taken or used by the employee for his own benefit, but customers are not trade secrets. They are not property. The right to trade with them may be property, but that right was not interfered with by the defendant. Written lists of customers may be property, but the defendant did not take any such list. Skill and knowledge acquired or information obtained cannot be left behind so long as those things exist within the mind of the employee. All that knowledge, skill and information, except trade secrets, become a part of his equipment for the transaction of any business in which he may engage, just the same as any part of the skill, knowledge, information or education that was received by him before entering upon the employment. Those things cannot be taken from him, although he may forego them, forget them, or abandon them.

An employee, on quitting his employment, has the right to engage in business in direct competition with that of his employer, unless he had entered into a contract not to do so. That competing business may be set up next door to the former employer, and it may transact business in the same territory. No reason is apparent why he should not compete with the former employer for the customers of that employer. In this case, the defendant had the right to engage in the laundry business and compete with the plaintiffs in the city of Wichita and in all parts of that city. It cannot be supposed that the plaintiffs had all of the business in any part of the city of

Wichita. Some people in that territory must not have been customers of the plaintiffs. The defendant has the undoubted right to solicit from those people. After the defendant had notified the plaintiffs that he intended to quit and had acquainted his successor in employment with the names of the plaintiffs' customers and with the places of residence of those customers, the defendant had the right to solicit business from those customers. The plaintiffs had the list of their customers, knew who they were, and where to go to get their business. If the defendant's personality is such that he can take the plaintiffs' customers away from them, they must suffer the loss, if there is any.

This case is not like *Morrison v. Woodbury,* 105 Kan. 617, 185 Pac. 735. There, the list of expirations was a valuable property belonging to the plaintiff. The defendant made a copy of that list and attempted to use it. The names of policyholders, the property insured, and the date of expirations could not be successfully carried in the mind. A written list was necessary. That list was the property of the plaintiff, and the defendant in that case undertook to appropriate it. This court said he could not do so. Here, no list was taken; there was nothing appropriated; nothing was taken from the plaintiffs. They retained all they ever had. The temporary injunction should not have been granted.

The judgment granting a temporary injunction is reversed, and the trial court is directed to vacate it and set it aside.