[No. 20099. Department Two. October 4, 1926.]

CITY ICE AND COLD STORAGE COMPANY, *Respondent*, v. WILLIAM KINNEE, *Appellant*.[1]

[1] INJUNCTION (16)—PROTECTION OF PROPERTY RIGHTS—TRADE SECRETS—SOLICITATION OF CUSTOMERS BY FORMER EMPLOYEE. An ice company is not entitled to an injunction to prevent former employees from soliciting plaintiff's customers on their old routes to buy ice from them, on the theory that the knowledge they had gained of the company's customers was a confidential or trade secret.

Appeal from a judgment of the superior court for King county, Stern, J., entered February 10, 1926, upon findings in favor of the plaintiff, in an action for damages and injunctive relief, tried to the court. Reversed.

*G. F. Vanderveer, W.. G. Beardslee* and *M. H. Cooperman,* for Appellants.

*Revelle, Revelle & Kells,* for respondent.

[1]Reported in 249 Pac. 782.

PARKER, J.—The plaintiff ice company seeks damages and injunctive relief against the defendant Kinnee restraining him from soliciting trade from its customers upon certain ice delivery routes in the city of Seattle on which he was employed by it prior to November 7, 1925. A trial upon the merits in the superior court for King county resulted in a decree awarding to the ice company damages and an injunction substantially as prayed for. From this disposition of the case in the superior court, Kinnee has appealed to this court.

The controlling facts of the case are not in dispute and may be summarized as follows: For many years past, the ice company has been engaged in the manufacturing and selling at retail of ice in the city of Seattle, having maintained its retail delivery trade upon certain established routes in that city upon which it served its customers in the usual manner from day to day. Kinnee was employed by the ice company to operate one of its delivery trucks and make delivery of ice to its customers on certain of its routes for a considerable period, ending on November 7, 1925. One Bearden was similarly employed by the ice company upon other routes for a considerable period, ending on November 15, 1925. The employment of both Kinnee and Bearden was terminated at the instance of the ice company.

On the day following the termination of Bearden's employment, that is, on November 16, 1925, Kinnee and Bearden, as partners in the ice business for themselves, obtained a truck, purchased ice at wholesale and commenced to solicit trade from respondent's customers upon routes upon which they had been employed by the ice company. In such soliciting of customers for themselves, they obtained twenty-two of the regu-

lar customers of the ice company. Their knowledge of the existence of these and other customers of the ice company was obtained through their previous employment by it. The ice company has kept its record of the names and addresses of its customers on its respective routes secret as far as possible; of course, necessarily imparting such knowledge to its employees engaged in delivering ice to its customers.

Kinnee and Bearden severed their partnership relations and Bearden then ceased to be interested in the ice business. Soon thereafter, on January 14, 1926, that is, two months after the commencement of the ice business by Kinnee and Bearden for themselves, this action was commenced by respondent ice company seeking damages and injunctive relief against Kinnee, as we have above noticed.

[1] A problem substantially the same as here involved was presented and thoroughly considered by us in *Ice Delivery Co. of Spokane v. Davis*, 137 Wash. 649, 243 Pac. 842. What was there said by us in the disposition of that case, it seems to us, leaves little to be said in this case; and we regard that decision as conclusive in support of the contentions here made in behalf of the appellant. The theory of that decision is well summed up in the language therein quoted from *Fulton-Grand Laundry Co. v. Johnson*, 140 Md. 359, 117 Atl. 753, 23 A. L. R. 420, as follows:

"The decisions in this country and in England seem to be fairly harmonious in principle as to the duty of courts to protect owners of trade secrets from disclosure by employees, but the divergences begin when the question to be determined in particular cases is whether the thing sought to be protected should be classed as a trade secret. And this is the real question presented in this case. A thing can hardly be said to be a secret, in the sense that it should be guarded by a court of equity, which is susceptible of discovery by observation,

and which is open to the observation of anyone who thinks it worth while to observe. In this case it was not necessary for the new employer of appellee to seek his services in order to obtain the names of appellant's customers whom appellee served. He could obtain this information by the simple process of observing each day for a week where he stopped on his daily rounds. We have no difficulty in reaching the conclusion that there is no trade secret involved in this case.''

We are unable to see that the information as to who the ice company's customers were, which was acquired by Kinnee through previous deliveries made by himself and Bearden, was the acquiring of a trade secret; nor was it the acquiring of information of such a peculiar, confidential and secret nature as to be in any sense likened to a trade secret. It was information acquired by Kinnee and Bearden by such observation as anyone with a little trouble could have made. Indeed, it was information which by its very nature could not be secret. As was said near the conclusion of our opinion in *Ice Delivery Co. of Spokane v. Davis, supra*:

''Customers are not necessarily trade secrets, nor are they property. In this case, the customers were fixed and settled in a known district, and the fact of their being patrons of the appellant was in no way covered up, but capable of ascertainment on behalf of the respondent's new employer, or any one else, by an independent canvass at small expense and in a very limited period of time.''

The decree of the trial court awarding damages and injunctive relief is reversed.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.