The complainant is engaged in the window cleaning business in Newark, and on one of his routes, known as the Clinton Hill section, he employed the defendant as a cleaner for upwards of six years and until lately when he was discharged. Thereupon the defendant set up in business for himself and has gone among the complainant's customers, on his former route, and secured the trade of some, and is trying for more. The complainant asks that he be enjoined. There is no complaint that the defendant is imposing upon the trade by any false pretenses, nor any charge of fraudulent conduct towards the complainant, unless it be fraudulent, as charged, that he "acquired certain knowledge and information relative to the complainant's business" and "that he has been unlawfully using the information so acquired by him in the course of his confidential employment and has been using complainant's list of customers for his own personal profit, and has been soliciting and canvassing the complainant's customers on the said route for the purpose of procuring for himself the work given by said customers *Page 75 
to complainant, and has been taking unto himself money of said customers through the knowledge gained by him in the said confidential employment as aforesaid, thereby causing complainant irreparable damage." The knowledge, presumably, is of the names and addresses of customers whom he had served as cleaner; of the frequency of the jobs and the prices they paid. It is impossible from this state of affairs to spell out any confidences broken by the defendant in entering into competition with his former employer for the trade he helped to build up, and the knowledge he got while building. Such knowledge is not of trade secrets; it is the result of experience and a purely personal acquisition, useful and usable when the employe himself embarks in business. There is no covenant that he should stifle his knowledge, and refrain from competing and none is implied in law. The argument in the Newark Cleaning and Dyeing Works v. Gross, 97 N.J. Eq. 406,
is pertinent to the present circumstances, and the principle there followed, though applied to a situation more obvious, which, however, differs only in degree from the one in hand, is controlling. The law distinguishes between an employe pirating his employer's trade by fraudulent means, and honestly competing with him for it, and the authorities cited in theGross Case and in New York Towel Supply Co. v. Lalley,162 N Y Supp. 247, discriminated between lawful and unlawful conduct.
An injunction will be denied.