EL DORADO LAUNDRY COMPANY v. FORD.

Opinion delivered May 23, 1927.

1. MASTER AND SERVANT—USE OF TRADE SECRETS.—Where the employment of a servant is of a confidential nature, there is an implied contract on the servant's part not to use trade secrets learned in the course of his employment to the master's detriment.

2. CONTRACTS—RESTRAINT OF EMPLOYMENT.—A contract in restraint of employment without some reasonable limitation is contrary to public policy and unenforceable.

3. INJUNCTION—TRADE SECRET—NAMES OF LAUNDRY PATRONS.—The names of customers of a laundry learned by a former employee while working on a laundry route, held not to constitute a trade secret, such as would be protected by injunction at the instance of a former employer to prevent the driver from soliciting patronage of such persons for a rival laundry.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

STATEMENT OF FACTS.

The El Dorado Laundry Company brought this suit in equity against Garland Ford to enjoin him from soliciting its customers, whom he had served while in its employment, to give their business to a rival concern.

Garland Ford was in the employment of the El Dorado Laundry Company for five months, and had access to a printed list of the customers of the plaintiff. He was instructed to familiarize himself with the list, which was on file in the plaintiff's office. The defendant quitted the service of the plaintiff and obtained similar employment from the Crow Laundry, which also conducts its business in the city of El Dorado. While the defendant worked for the plaintiff he used one of its trucks, which showed for whom he was working. After he went to work for the Crow Laundry he solicited the plaintiff's customers, and drove a Chevrolet truck over the same route. It is admitted that the defendant had a right to quit working for the plaintiff and enter into the employment of the Crow Laundry. It is also admitted that, while in the employ of the latter company, he went over the route of the plaintiff and solicited business from persons who had been customers of the El Dorado Laundry Company while he was in its employ. According to the testimony of the defendant, he learned the names of the plaintiff's customers while working for it and did not use the list of customers after he went to work for the Crow Laundry. He told the customers that he had quit working for the plaintiff and was working for the Crow Laundry. His former customers gave him their laundry with the understanding that it was being carried to the Crow Laundry.

The chancellor found the issues in favor of the defendant, and the complaint was dismissed for want of equity. The case is here on appeal.

*Goodwin & Goodwin,* for appellant.

*L. II. Southmayd,* for appellee.

HART, C. J., (after stating the facts). The proof shows that this is not a case where the defendant was

hired upon the express condition that he would agree, for a limited length of time, not to solicit trade from such customers of the plaintiff as he might have served while in its employ. This is conceded by counsel for the plaintiff, but they insist that the facts bring the case within the settled rule that, where the employment of a servant is of a confidential nature, there is an implied contract on the part of the servant not to use, to the detriment of his master, any, trade secret which he might have learned in the course of his employment. See case-note to 17 Ann. Cas. 144.

We do not think the facts bring the case within this well-settled rule or within the principles announced in *New Method Laundry Co.* v. *MacCann,* 174 Cal. 26, 161 Pac. 990, Ann. Cas. 1918C, page 1022, to the effect that a list of customers along a laundry-route constitutes a trade secret which is the absolute property of the laundry and is the subject of injunctive relief on the ground of irreparable injury. It is true that the record shows that the defendant had access to the printed list of the customers of the plaintiff, but the defendant testified that he became familiar with the names of the customers along the route while serving them during the five months he worked for the plaintiff. His testimony on this point is uncontradicted, and is reasonable. Any person of ordinary intelligence would become familiar with the customers whom he might serve along a laundry route during a period of five months. It is not claimed that the defendant did not have a right to quit the employment of the plaintiff and enter that of the Crow Laundry. Freedom of employment must not be unreasonably abridged, and a contract in restraint of employment, without some reasonable limitation, is like a similar contract in restraint of trade, contrary to public policy, and unenforceable.

The facts of this case bring it within the rule laid down in *Fulton-Grand Laundry Co.* v. *Johnson,* 140 Md. 359, 117 Atl. 753, 23 A. L. R. 420. It was there held that the names of the patrons of a laundry on a particular

route did not constitute a trade secret which will be protected by injunction so as to prevent a driver employed on such route from utilizing it and soliciting the patronage of such persons when he leaves the service of his employer and enters business for himself.   In a note at the end of the case it is said that, in the majority of the cases which have passed on the question, it is held that, in the absence of an express contract, on taking a new employment in a competing business an employee may solicit for his new employer the business of his former customers, and will not be enjoined from so doing at the instance of his former employer.   We think that, under the principle announced in these cases and under the facts in the present case, the chancellor properly held that the plaintiff was not entitled to the injunctive relief asked, and that his decree dismissing the complaint of the plaintiff for want of equity should be affirmed.   It is so ordered.