## BROADWAY LAUNDRY CO v STRAUSS et

Ohio Common Pleas, Cuyahoga Co

Decided Dec 1, 1934

Leonard S. Levy, Cleveland, for plaintiff.
Alexander S Kraus, Cleveland, and Nathan M. Botwin, Cleveland, for defendant.

## OPINION

By KRAMER, J.

Yaro Strauss, the defendant, was employed by the plaintiff as a driver to cover an established route of that company and continued in that employment for several years. In October, 1934, Strauss informed plaintiff that he could not continue in its employ at the salary to which he had been reduced and frankly declared that it was his intention to engage in the laundry business for himself and to call upon the customers of plaintiff who were upon his route to solicit their patronage.

There are these additional facts, which, in the court's opinion are material to the decision, that before entering plaintiff's employ the defendant learned the locations of some of the customers, afterward upon his route and that a few new customers had been secured by him during his service. There is no fraud claimed and there is no restrictive contract between the parties.

The plaintiff seeks an injunction restraining defendant from soliciting its customers who were theretofore upon his route.

The question here presented has been before the courts so many times that any further discussion might be unwarranted. The fact, somewhat surprising, that the question has never reached our Supreme Court appears to justify a brief opinion.

The courts are in accord in announcing the principle that the law protects employers against the disclosure of "trade secrets" or "confidential information" and will enjoin the utilization of such secrets or information upon severance of employment, for the benefit of the employee or another employer.

Upon the specific question whether a laundry route, or similar routes, ice, milk, bread and the like, in which the knowledge of the names and location of the customers is furnished to the employee at the time of his employment, falls within the classification of trade secrets or confidential information, the authorities distinctly are at odds.

In the majority of the cases it is held that the injunction should be denied. (23 A.L.R. 423). The opinions rendered in the multiplicity of cases supporting this holding are quite unsatisfactory. While it is stated, in some cases, that competition should not be stifled, but should be free and untrammeled, this is not emphasized. The courts seem content to rest upon a mere statement or upon grounds so narrow that the decision is unconvincing. For instance, that no written list of customers was taken.

The Fulton Laundry Company v Johnson, 140 Mo. 359, denying an injunction, is frequently cited. The court says that a laundry route is not a "trade secret" because "A thing can hardly be said to be a secret, in the sense that it should be guarded by a court of equity, which is susceptible of discovery by observations, which is open to the observation of anyone who thinks it worth while to observe"; and that "if by reason of the nature of the laundry business such protection is necessary, it can easily be secured by contract."

In Progress Laundry Co. v Hamilton, 208 Ky. 348 (1925) the court says:

"A person who leaves the employment of another has the right to take with him all the skill he has acquired, all the knowledge he has obtained, all the information that he has received, so long as nothing is taken that is the property of the employer. Trade secrets are the property of the employer and cannot be taken or used by the employee for his own benefit, but customers are not trade secrets. They are not property * * *. Written lists of customers may be property, but the defendant did not take any such list."

To the same effect are:

City Ice and Cold Storage v Skinner, 140 Wash. 381 (1926); Stein v Nat'l Life Assn. (Policy Holders), 105 Ga. 521; (1899); Boone v Krieg (Minn. 1923) (Public Multigraphing), 194 NW 92; Hover Pond Ice Co. v Pearson, Mass. (1929); El Dorado Ldy. Co. v Wood, 174 Ark. 104; Ped. Ldy. Co. v Zimmerman, 218 Mich. 211, (1922); New York

Towel Supply Co. v Sally, 162 N. Y. S. 247, (Sup. Ct. 1916); Morrison v Phillips, 263 N. Y. S. 816, (Sup. Ct. 1933); Contra; Wilkop & Stevens Co. v A. & P. Co., 124 N. Y. S. 956, (Sup. Ct. 956).

A perusal of the New York cases would induce the opinion that the law of that state upon the specific "route" question is not established.

Rhode Island and California are clearly upon the minority side.

The case of Colonial Laundries v Henry, 48 R. I., 332, (1927) in a well considered opinion, covers all phases of the principles involved.

The court holds that when a selected list of customers has been built up by labor and expense on the part of an employer and such list is furnished to an employee at the time his employment begins, that this is confidential information, that it constitutes something of value sufficiently in the nature of property to be entitled to protection against appropriation. Subsequent additions to the list create no change in this respect and it is immaterial whether the employee makes use of a written list of customers or depends upon his memory.

Also Stevens & Co. v Stiles, 29 R. I. 399, (Optician).

The California cases are so numerous that citation is made only to two leading cases and the latest decisions: Empire Steam Ldy. v Lozier, 165 Cal. 99 (1913); Pasadena Ice Co. v Ruder, 275 P. 944 (1929); Dairy Sale Co. v Azendo, 295 P. 10 (1931); Scavengers Assn. v Garage Co., 24 P. 2d., 489 (1933).

There are a considerable number of cases involving lists of customers, which are engaged in business as distinguished from customers in private residence. In these cases an injunction has uniformly been denied. The reasoning is that such customers are easily ascertainable from directories and telephone books, that they are publicly known to be in the market and that they are not exclusively the customers of any particular employer. Therefore the information given to the salesman is not secret or confidential.

Boosing v Doorman (Sup. Ct. Appellate Div. 1912) 133 N. Y. S. 910; Scott v Scott, (Sup. Ct. App. Div. 1919), 174 N. Y. S. 583; (See for discussion of New York cases); American Specialty Co. v Wyce, 235 Fed. 929 (Iowa 1916); Newark Cleaning & Dye Works v Gross, 97 N. J. E. 406.

The authorities in Ohio are limited to

four nisi prius and one appellate court decision.

**Siefried v Maycox (Sup. Ct. Cincinnati 1914), 14 O.D. 536.**

In a well considered opinion Hosea, J., sustains the proposition that a list of customers is a trade secret, the property of the employer and grants the injunction.

The court recognizes the distinction above noted between customers generally known to the trade and those known from sources not open to the public, but gathered by the special effort of the employer.

To the same effect is—

**Smith v Kernan, (Sup. Ct. Cincinnati, 1889), Harmon, J., 8 O.D. Rep. 32.**

**New York Ldy. Co. v Nusbaum, (Common Pleas Hamilton Co. 1925, Darby, J.) 3 Abs 705,** is a laundry route case in which the injunction was denied:

"Syl. 1. A list of customers on a laundry route being obtainable by a rival concern merely by observation, is not a trade secret to be protected as such by a court of equity."

**White Baking Co. v Snell, (Common Pleas Montgomery Co., 1930) 28 O.N.P. (N. S.) 172 (1930).**

Snediker, J., holds that the driver of a bakery route "is without the shadow of a right" to solicit the trade of said customers for another "upon termination of his employment." The court cites and follows Empire Steam Ldy. v Lozier, 165 Cal., 95.

**The French Bros-Bauer Co. v The Townsend Bros. Milk Co. et, (Court of Appeals Hamilton Co., 1925), 21 Oh Ap 177.**

This was a milk route case and the injunction was allowed. Buchwalter, P.J., wrote the opinion saying simply "There is ample authority for holding that such action should be enjoined," but citing none. Hamilton, J., concurs—Cushing, J., dissents.

A reading of these authorities seems to warrant the statement that the question herein is an open one in this state.

In the opinion of this court there is no real difference between the customer's list disclosed to a laundry, bakery, etc., driver employee and that disclosed to a route salesman in any other business. Nor between those employees who are given the names of the customers of an employer and who calls upon them at their place of business or residence and those who acquire such knowledge from meeting the customers or clients at the store or office of the employer, such as the optician, brokers' men, hair-dressers, salesmen in any establishment, or a lawyer employed in the office of another.

The rule laid down in the minority cases granting injunction applies to one class the same as the other, differing only in degree.

In Colonial Laundries v Henry (supra) a leading minority case, the court says: It (the knowledge of the employer's customers) is "something of value belonging to the employer, namely the good will of his customers. This good will is sufficiently in the nature of property as to be entitled to protection against unfair solicitation * * *. All the time, expense, overhead and years of experience and service spent by the employer in gathering these groups of customers was appropriated by the driver to himself in one gesture to save making an extended, costly and often disheartening general canvass for customers for himself."

The court recognizes that the important factor is not the knowledge of who the customers are but is the opportunity for "favorable approach and ingratiation."

Therefore, in the court's opinion, an injunction should be granted in all cases against an employee from soliciting the former customers of his employer with whom he has become acquainted by virtue of his employment or none. Manifestly, if the premises be accepted, it should be in none.

The business world in general has recognized the right of an employee to go into business for himself or change his employment and to compete freely with his former employer for customers. Of course such employee may carry customers with him, which constitutes a loss to the employer. The more competent and valuable the employee has been, the greater the loss. If, however, the employee is to be enjoined from soliciting former customers of his employer, we would have the anomaly that the more customers he holds and gains for his employer, the more difficult he makes his position when that employment is terminated.

The opinion of this court is that the employers of "route" men stand in no different position than other employers and must yield to their employees the same right of competition as is granted in other cases.

The injunction herein prayed for is therefore denied.