## CHARLES S. MANEY
*vs.*
## LOUIS MENDELSOHN, ET AL.

Superior Court　　　　Fairfield County　　　　File #36578

See *Maney vs. Mendelsohn,* infra, p. 416.

MEMORANDUM FILED DECEMBER 20, 1938.

Alprovis & Alprovis, of New Haven, for the Plaintiff.

Bartlett, Keeler & Cohn, of Bridgeport, for the Defendants.

MUNGER, J. The facts have been presented by stipulation.

It appears that the Edwards Overall Cleaning Company operated prior to the date of the action an enterprise in which the company solicited customers who wished to have work of cleaning done on clothes. This company went into bankruptcy and the plaintiff purchased from the trustee all of the assets. In the bill of sale conveying these assets the following language was used: "All the routes, customers and good will attached to the business."

Before the company went into bankruptcy the defendant was employed as a driver by it whose duty was to solicit and service the customers of the company. His employment, of course, came to an end when the company was dissolved. After the purchase of the assets of the company, the plaintiff employed the defendant to perform the same service for him which he had formerly performed for the overall company. There was no list of customers in existence when the assets were sold to the plaintiff, but after the defendant's employment began he gave to the plaintiff from memory a list of the customers that he knew of and had been in the habit of serving.

After remaining in the employ of the plaintiff for some time the defendant left his employment and began to conduct a business for himself of a similar character and he thereupon commenced to solicit and did secure business from some of the customers on the list which has been referred to and served said customers, these being the same as he had been serving while in the employ of the overall company.

The facts disclose that this solicitation was not done by any misrepresentation on the part of the defendant and no fraud is claimed on his part.

The case has been withdrawn against the defendant Somak and it remains only to consider whether the plaintiff is entitled to a judgment enjoining the defendant Mendelsohn from continuing to solicit the customers whose names he had given to the plaintiff and of whom he had gained knowledge while an employee of the overall company.

The plaintiff claims an injunction upon that principle of law which forbids unfair competition. Equity will enjoin the commission of acts which are against good conscience in certain cases and result by means of unfair competition in injury to

another. There is conflict of authorities as to when the writ should issue, but the very great weight of authority in my opinion points to the conclusion that on the facts in the instant case the plaintiff is not entitled to the relief that is sought.

In *Roessler vs. Burwell*, 119 Conn. 289, our court sustained an injunction in a case where there was a written contract by the employee not to compete in a certain territory for a definite period of time. The contract was held to be reasonable and therefore valid.

It is now sought to enjoin the defendant permanently in a case where there was no restrictive covenant not to engage in business on his own account. The plaintiff seems to find some authority for his position in the case of *Empire Steam Laundry vs. Lozier*, 165 Cal. 95, but there is in fact a distinction between that case and the one involved, for in it the defendant acquired information as to the names of the customers solicited while in the employ of the plaintiff.

This case was not followed in one which presents a very complete examination of the authorities and principles relevant to the issue. *Progress Laundry Co. vs. Hamilton*, 208 Ky. 348. The California rule is not followed in Georgia, Maryland, Minnesota and Kansas as pointed out in the Kentucky case.

This case supports the principle stated in *Eldorado Laundry Co. vs. Ford*, 174 Ark. 104, 294 S.W. 393, that the names of customers of a laundry learned by a former employee while working on a laundry route, do not constitute a "trade secret", such as would be protected by injunction at the instance of the former employer to prevent the driver from soliciting patronage of such persons for a rival laundry.

The position of the plaintiff is not supported by those authorities which follow the principle expressed in *Lewitter vs. Adler*, 101 N.J. Eq. 74, 137 Atl. 541. It is there held that the law distinguishes between an employee pirating his employer's trade by fraudulent means, and honestly competing with him for it. This was the case of a former employee who was a window cleaner and upon going into business for himself he was not restrained from soliciting customers whose names he had learned in his former employment.

In the instant case it is to be observed that there was no contract relation whatever between plaintiff and defendant upon the purchase of the assets of the overall company. The de-

fendant here is not soliciting any customers with whose names he became acquainted while in the employ of the plaintiff, a fact which is perhaps of controlling importance.

In *Nims, Unfair Competition and Trade-Marks* (2d ed. 1917) §150, it says: "Not all contracts of employment will sustain an injunction of this sort. *Actual knowledge of business secrets on the part of the employee, acquired from his employment* is essential, and it must be knowledge of some facts known only to the employer or those in his confidence or under contract with him."

In *Cottrell vs. Babcock Printing Press Mfg. Co.*, 54 Conn. 122, the precise question in the instant case was not raised but the opinion nevertheless points strongly to the approval of the rule which would deny to the plaintiff the relief sought.

I think upon the facts agreed upon and upon the clear weight of authorities, the plaintiff does not make out a case. Judgment must be rendered for the defendant.