## Birn v. Runion.

May 27, 1949.

Rehearing denied September 27, 1949.

James U. Smith, Jr. and Smith & Smith for appellant.

Thomas H. Young for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Serge A. Birn, is engaged in the business of consulting management engineering, and has a clientele composed chiefly of manufacturing establishments located throughout the United States. The services rendered are for the purpose of promoting and ef-

fectuating more efficient and economical operation of the client's business. The appellee, H. Earl Runion, was employed by appellant in June, 1945, as a senior industrial engineer, and was later promoted to the position of chief engineer in charge of all layout work for appellant's organization. On October 20, 1947, Runion notified Birn in writing that he was resigning as of October 31, 1947, and after that date would become engaged in the consulting management engineering business on his own account. On July 2, 1948, Birn brought this proceeding under the Declaratory Judgment Act, Civil Code of Practice, section 639a—1 et seq., to have determined the right of Runion to solicit business from former clients of Birn for whom Runion did any work while employed by Birn, and he asked for a declaration that the defendant was obligated to account for and pay over to the plaintiff all profits realized by him on account of work done since November 1, 1947, for all persons, firms and corporations who were clients of plaintiff prior to that time and with whom the defendant had come in contact while employed by plaintiff. Plaintiff asked that the defendant be enjoined "for a reasonable period of time, from in any manner soliciting business or in any manner performing any consulting management engineering services" for any of these persons, firms or corporations. A demurrer to the petition was sustained, and, the plaintiff having declined to plead further, his petition was dismissed.

Much of appellee's brief is directed to whether this action is a proper one to be brought under the Declaratory Judgment Act. The question is answered adversely to appellee's contention in Maas v. Maas, 305 Ky. 490, 204 S. W. 2d 798. It is appellant's contention that the relationship of employer and employee which existed between him and Runion for more than two years and the position of trust and confidence which Runion occupied with respect to his employer imposed upon Runion a strict duty of the utmost fidelity to appellant which prohibited Runion, after leaving appellant's employ, from soliciting business from any of appellant's former clients with whom he became acquainted by reason of his employment. It is conceded that this is not a case like Thomas W. Briggs Company v. Mason, 217 Ky. 269, 289 S. W. 295, 52 A. L. R. 1344, or Davey Tree Expert

Company v. Ackelbein, 233 Ky. 115, 25 S. W. 2d 62, where an employer brought suit against a former employee to enforce an express written covenant contained in the employment contract which was entered into at the inception of the employer-employee relationship, according to which the employee covenanted and agreed that he would not, for a stated period of time after termination of the employment relationship and within a given geographical area, compete with his former employer. It is stated in appellant's brief:

"Appellant freely admits appellee's right to compete with him. There was no agreement in the case at bar according to which appellant agreed to hire appellee and appellee agreed to work for appellant for any stated period of time, nor was there any express covenant on the part of appellee not to compete with appellant after the employment relationship ceased. Appellee was perfectly free to quit appellant's employ at any time he saw fit, and appellant was at liberty to discharge appellee from his employ whenever he so chose. Both were free to act in this regard for any reason or for no reason at all, and appellee is perfectly within his rights in setting up a business which is in direct competition with appellant's. The thing to which appellant is so strenuously objecting is the manner in which appellee is competing with him. To say the same thing in another way, Birn would not and could not object to honest competition from Runion, however vigorous it might be. Birn's complaints in this case are directed to Runion using as his principal business asset the confidential relationship which existed between Birn and Runion while the employment relationship existed between them."

Appellant cites and relies upon the case of Trice v. Comstock, 8 Cir., 121 F. 620, 621, 61 L. R. A. 176, in which a constructive trust was impressed upon the legal title of lands purchased by an agent after termination of his agency for the sale of the land. That is not this case as a reading of the opinion in the Trice case will disclose. The relationship created by the contract of employment between appellant and appellee was a fiduciary one, but in order for appellant to establish a right of action against appellee he must show a violation of the contract constituting a breach of faith. The sub-

stance of the holding in Trice v. Comstock, supra, is that the law peremptorily forbids everyone who, in a fiduciary relationship, has acquired information concerning or an interest in the business or property of his correlate from using that knowledge or interest to prevent the latter from accomplishing the purpose of the relation. There, the employer was deprived of the profits from the purchase and sale of a piece of real estate when he had entrusted the transaction to his agent. When the agent purchased the real estate in his own name, his act was a breach of faith under the peculiar facts of the case although he resigned his agency immediately before making the purchase. We are fully aware of the salutary principle that the fiduciary relationship existing between an employer and employee requires the employee to act with due regard to the interests of his employer. However, every alleged grievance is not a wrong. There is no allegation in the petition before us that appellee, on his own account, entered into a contract which was under negotiation with any of appellant's clients while appellee was in the employ of appellant.

The most that can be gleaned from the petition is that appellee, after leaving appellant's employ, performed services for former clients of appellant. The names of these persons, firms or corporations were necessarily matters of common knowledge. In Progress Laundry Company v. Hamilton, 208 Ky. 348, 270 S. W. 834, 835, it was said that a strictly "trade secret" will be protected in the hands of its owner by injunction, but that a list of names of customers is not such a secret. In the course of the opinion it was said:

"It would therefore seem that without supporting cases the mere knowledge of a list of customers, which is common and is essential and necessary to the prosecution of any business, would not necessarily be the product of any kind of special ingenuity, but rather that it is acquired because of other facts common to all commercial activities and trades and without which none of them would succeed. Moreover, to hold that a list of customers, obtained in the manner as did defendant in this case, could not be solicited by him (although his efforts may have largely assisted in contributing to the number) when subsequently engaged in a rival compet-

ing business is, according to our opinion, directly antagonistic to another cherished principle of the law; i. e., that competition should not be stifled but be free and untrammeled.''

In Garst v. Scott, 114 Kan. 676, 220 P. 277, 278, 34 A. L. R. 395, the court said:

''A person who leaves the employment of another has the right to take with him all the skill he has acquired, all the knowledge that he has obtained, and all the information that he has received, so long as nothing is taken that is the property of the employer. Trade secrets are the property of the employer, and cannot be taken or used by the employe for his own benefit, but customers are not trade secrets. They are not property. The right to trade with them may be property, but that right was not interfered with by the defendant. Written lists of customers may be property, but the defendant did not take any such list. Skill and knowledge acquired or information obtained cannot be left behind so long as those things exist within the mind of the employe. All that knowledge, skill and information, except trade secrets, become a part of his equipment for the transaction of any business in which he may engage, just the same as any part of the skill, knowledge, information, or education that was received by him before entering upon the employment. Those things cannot be taken from him, although he may forego them, forget them, or abandon them.''

See also annotation in 126 A. L. R. 758; Restatement of the Law of Agency, section 393, Comment (e).

The petition failed to state a cause of action, and the court properly sustained the demurrer thereto.

The judgment is affirmed.