**WORLEY, d. b. a. HILL TOP SALES, Plaintiff-Appellant, v. STOLTZ, Defendant-Appellee.**

Ohio Appeals, Second District, Miami County.

No. 464. Decided March 17, 1952.

458

Richard H. LeFevre, Troy, for plaintiff-appellant.
Ellis W. Kerr, Troy, for defendant-appellee.

**OPINION**

By MILLER, J:

This is a law appeal from the judgment of the Common Pleas Court finding for the defendant. The action was one for damages for the breach of an express warranty as to the condition of an automobile sold by the defendant. The petition alleges that the plaintiff was employed by the defendant to sell his 1947 Chevrolet automobile; that the plaintiff showed the automobile to one Arthella Walters in the presence of the defendant, and that the defendant represented to the said purchaser that the automobile was in A-1 condition.

The petition alleges further that such representation was made by the defendant with the intent that the said purchaser rely thereon; that she did rely thereon and purchased the same for the sum of $1875.00.

Plaintiff further alleges that the automobile was not in A-1 condition; that the motor block on said vehicle had been cracked and an attempt made to weld the same; that the said condition was discovered approximately two weeks after the sale and plaintiff immediately notified the defendant of the same; that because of said misrepresentation the plaintiff has been damaged in the sum of $240.00.

Plaintiff alleges further that the purchaser for a valuable consideration assigned to him all her claims, demands and causes of action against the defendant arising out of the contract for the sale of said automobile by said defendant to the said Arthella Walters.

The trial court made a separate finding of fact and conclusion of law. The Court found that the plaintiff acted as the agent of the defendant for the sale of his 1947 Chevrolet automobile; that he consummated the sale to Arthella Walters for the sum of $1875.00; that in order to aid the said sale the defendant expressly warranted that it was in "A-1 condition"; that the term used, "A-1 condition" was a representation that the motor block had not been cracked or welded; that the purchaser relied upon the representation made; that the damage arising out of the misrepresentation was the sum of $240.00.

In his conclusions of law the Court found that the cause of action was assignable but that this plaintiff may not maintain the action for the reason that it is in violation of the fundamental principle that an agent must be loyal to his principal. The Court quoted the following from 2 Amer. Jur., Agency, Section 252, page 203:

"The relation implies that the principal has reposed some trust or confidence in the agent. Therefore, the agent or employee is bound to the exercise of the utmost good faith and loyalty toward his principal or employer. He is duty bound not to act adversely to the interest of his employer by serving or acquiring any private interest of his own in antagonism or opposition thereto. His duty is to act solely for the benefit of the principal in all matters connected with his agency. There is a rule of common sense and honesty as well as of law. Any custom subversive to this principle must be deemed to be unreasonable, opposed to the policy of the law, and hence of no effect."

The Court was of the opinion that the plaintiff was employed for the purpose of making the sale and when the sale was consummated the agency terminated, but

"the duty of the agent to be faithful does not cease when the employment ends and cannot be renounced * * *; that the plaintiff was acting in good faith in everything that was done by him. His motives were partly selfish, however, in that it was to his interest to do what he did to maintain his reputation for fair dealing as a used car dealer. He made things right because he thought they should be made right with Mrs. Walters, * * * but even so, I don't believe he can acquire by assignment, or if he does acquire by assignment, I don't think he can sue his former principal as he has done in this case."

The question presented is whether or not the Court erred in its legal conclusion concerning the relationship of these parties after the sale was consummated, there being no question but what the rule was correctly stated during the existence of the agency. We are of the opinion that the authorities support the view that when the sale was completed the agency terminated, no further duty remained to be performed under the facts presented and the plaintiff was at liberty to enter a contract with the purchaser of the automobile without reference to his former employment. It should be noted that the Court found that the plaintiff acted in good faith at all times. The principle seems to be well stated by the Court in Lum, et al. v. Clark, et al., 295 Ill. 22, 128 N. E. 825 (1920), in which an agent for the sale of real estate entered into a profit splitting agreement with a purchaser twelve days

after the sale, the court in holding the agent not answerable to his principals for his share of the profits says:

"When the sale has been completed no duty to the principal remains to be performed, and the agent is at liberty to deal with a purchaser of the property without reference to his former agency."

In the case of **Curry v. Marquart, 133 Oh St 77,** the Court held that an employee upon taking up new employment would not be restrained at the instance of his former employer from soliciting his former customers for the new employer. Judge Matthias said at page 80:

"This case involves no question of trade secrets or confidential information. True, the decisions are not in accord; but no well considered case has gone so far as to hold that one may be enjoined from seeking to do business with friends, though they become such in the course of and as a result of previous employment.

"As said by the court in Fulton Grand Laundry Co. v. Johnson, 140 Md., 359, 117 A., 753, 23 A. L. R., 420: 'Under such a rule, a traveling salesman, every time he changed employers, if in a like business, would be compelled to give up all the friends and business acquaintances made during the previous employment. Such a rule would tend to destroy the freedom of employees and to reduce them to a condition of industrial servitude.' "

Although a different question was presented in the Curry case we think the legal principle is applicable to the case at bar.

A similar pronouncement is found in **Soeder v. Soeder, 50 Abs 84,** the first syllabus of which provides:

"In the absence of an express contract not to do so, an employee in engaging in a competitive business, may solicit the trade or business of his former employer and will not be enjoined where there is no disclosure or use of trade secrets secured in the course of his employment."

In Robertson v. Chapman, 152 U. S. 673, the court held that where an agent sells without any understanding or expectation of becoming interested in the purchase he is at liberty later to buy the property from the purchaser. The appellee seems to admit that the plaintiff was at liberty to repurchase the automobile but that the taking of the assignment of the cause of action involves an entirely different situation. We are not able to arrive at this conclusion. The appellant used no confidential information which he acquired by reason of his employment, so there could be no betrayal of any interest which was reposed in him. He did only what the appellee should have done, to-wit: make an adjustment for the breach

of the express warranty. The court found all the facts existing which were necessary for the purchaser to maintain the action against the appellee. So it makes no material difference whether this appellant takes the assignment or some stranger to the transaction. The only difference we are able to observe would extend to the matter of proof and weight of the evidence, all of which would have to be resolved by the trial court. This court will render the judgment that should have been rendered in the lower court. Judgment reversed and judgment rendered for the plaintiff for $240.00 and costs.

HORNBECK, PJ, WISEMAN, J, concur.