ROBERT V. MURPHY, d/b/a MURPHY-VEACH INSURANCE AGENCY, Plaintiff-Appellant, v. JACK D. MURPHY, Defendant-Appellee.

(No. 73-93;

Fifth District—April 24, 1975.

Paul M. Storment, Jr., Ltd., of Belleville, for appellant.

Kassly, Weihl & Bone, of Belleville, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff Robert V. Murphy, doing business as Murphy-Veach Insurance Agency, sued to enjoin the defendant, Jack D. Murphy, from breaching his contract with plaintiff by soliciting insurance business from "customers or persons who formerly were customers of plaintiff" and from soliciting people to cancel their policies with plaintiff. Plaintiff also sought an accounting for loss of business of any former customers of plaintiff solicited by defendant. The defendant moved to dismiss for failure of the complaint to state a cause of action. The court below ordered the parties to submit memorandums. After considering the memorandums submitted, the court granted defendant's motion and dismissed the case. Plaintiff appeals.

Prior to February 1, 1967, Robert V. Murphy and Jack D. Murphy had been partners in an insurance business known as Murphy-Veach Insurance Agency. However, on the aforementioned date the parties entered into a written agreement whereby Jack D. Murphy sold his interest in the business to Robert V. Murphy. One part of the agreement provided that:

"The sale shall include all good will and business on the books of said insurance agency, including without limiting the generality of the language herein used, all renewals, dailies, expiration lists, lists of policies in force, copies of policies, books and records, policy forms  *   *   *."

Another part of the agreement provided that:

"Vendor covenants that he will not directly or indirectly from date hereof for a period expiring February 1, 1970:

(a) Solicit or accept any insurance business from customers and persons on present coverages which the partnership carries on such persons or property  *   *   *

(b) Disclose to any other individual, firm, partnership, or corporation the names of the accounts which he has sold to Vendee as part of this sale.

The parties agree that this covenant not to solicit or accept business is the essence of this agreement and represents the consideration for sale of said business, and in the event of any breach by Vendor of said covenant, that Vendee shall be entitled to a permanent injunction to restrain Vendor's violations of said covenant."

As part of his complaint, the plaintiff alleged that the defendant has solicited and accepted business from lists of policies and other specified business record property of the plaintiff, with the result that in 1971 and 1972, 32 former customers of plaintiff ceased doing business with plaintiff, half of them becoming customers of defendant. The plaintiff further alleged that all of the former customers were the property of the plaintiff as of February 1, 1967, and all subsequent times and that the plaintiff had a right to be free from any solicitation of plaintiff's customers by defendant.

The position of the defendant-appellee in the proceeding below, and on this appeal, is that, since the agreed upon 3-year period of nonsolicitation of plaintiff's customers had elapsed, the defendant had an unlimited right to solicit former customers of the plaintiff-appellant. We feel the defendant-appellee has overlooked one very important aspect of the complaint, as will become apparent hereinafter.

■■ To begin with, we cannot agree with appellant's contention that

all of the "aforementioned policy holders are the property and customers" of the appellant. While clientele may properly be called the customers of a particular business, they cannot be considered the "property" of that business. While a business can have a proprietary interest in lists of customers which it maintains, no business has a proprietary interest in the customers themselves. (See generally *House of Vision, Inc. v. Hiyane*, 37 Ill.2d 32, 225 N.E.2d 21.) The principle was perhaps best stated by the Supreme Court of Kansas in *Garst v. Scott*, 114 Kan. 676, 679, 220 P. 277, 278, 34 A.L.R. 395:

> "Trade secrets are the property of the employer and cannot be taken or used by the employee for his own benefit, but customers are not trade secrets. They are not property."

Neither can we agree with the appellant's contention that he has a right at all time subsequent to February 1, 1967, to be free from appellee's solicitation of his customers. Contracts providing for noncompetition upon termination of employment or partnership relationships are generally recognized as valid if reasonably limited in space and time. However, if not so limited, such contracts are invalid as unlawful restraints of trade. (*Bauer v. Sawyer*, 8 Ill.2d 351, 134 N.E.2d 329; *Canfield v. Spear*, 44 Ill.2d 49, 254 N.E.2d 433.) To hold, as appellant contends, that appellant should be free from any solicitation of his customers after the 3-year limitation has elapsed would not only require the court to ignore the contractual provision agreed upon by the parties, but also would require the court to impose an unreasonable restraint of trade. This we cannot do.

■■ On the other hand, neither can we agree with the contention of appellee that he can engage in unlimited solicitation of appellant's customers merely because the 3-year limitation has elapsed.

> "In construing a contract and determining the intention of the parties, the instrument should be read and considered as a whole." *Cenco Instruments Corp. v. Thomas*, 80 Ill.App.2d 136, 140, 225 N.E.2d 482.

The contract in the instant case provided that lists of policies, copies of policies, expiration lists, etc., would be the sole property of appellant (vendee). Under such a provision it is clear that the appellee would not be able to make use of lists of policies, copies of policies, expiration lists, etc., to solicit appellant's customers even after the 3-year period of noncompetition has elapsed.

■■ The cases dealing with this general type of problem have usually concerned an employee or partner either taking or copying a list of customers maintained by the former employer or partnership. (See

*American Cleaners & Dyers v. Foreman*, 252 Ill.App. 122; *Revcor, Inc. v. Fame, Inc.*, 85 Ill.App.2d 350, 228 N.E.2d 742.) In *Revcor* the court stated:

> "If a salesman has agreed to a restrictive covenant in his employment contract, or if he has fraudulently and surreptitiously copied or removed lists of customers from a prior employer, or if the names of actual or potential customers are confidential, not subject to memory, are not publicly listed or otherwise readily obtainable, then, under proper circumstances, such salesman might be enjoined from soliciting business from the customers of his prior employer. Absent such circumstances, however, there can be no such prohibition." 85 Ill.App.2d 350, 357.

■■ The contract in the instant case allowed the appellee to solicit the customers of the appellant after the 3-year period of noncompetition had elapsed. The contract did not, however, allow the appellee to solicit customers by use of expiration lists, copies of policies, lists of policies, etc., which had been sold to appellant. If the appellee made use of such expiration lists, copies of policies, lists of policies, or any other property of the appellant, such use is wrongful, and the appellee can be enjoined from further such use and made to account for any previous use. This is so whether the appellee was able to make use of the property by taking it, copying it or obtaining it by any means, other than his memory, not available to the general public. Thus the important consideration is not whether the appellee has solicited former customers of the appellant, but rather by what means has he solicited those customers.

■■ Under the Civil Practice Act pleadings are to be liberally construed with a view to doing substantial justice between the parties.

> "Applying these rules of liberal construction, a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated." *Dinn Oil Co. v. Hanover Insurance Co.*, 87 Ill.App.2d 206, 211-212, 230 N.E.2d 702.

In the instant case the complaint alleges that the defendant-appellee "has solicited and accepted insurance business from renewals, dailies, expiration lists, and lists of the policies in force, copies of the policies, books and records and policy forms which are owned by the plaintiff * * *." We take this to mean that the defendant-appellee has somehow made use of property sold to the plaintiff in the agreement dissolving the partnership. If the plaintiff-appellant is able to prove a set of facts showing

wrongful use of such property by the defendant-appellee, he would be entitled to relief. Therefore, we feel the trial court erred in allowing the motion to dismiss.

For the foregoing reasons the judgment of the trial court is reversed and this case is remanded for proceedings consistent with the opinion.

Reversed and remanded.

EBERSPACHER and CARTER, JJ., concur.