ELECTRONIC SUPPORT SYSTEMS, INC., Plaintiff-Appellant, *v.* THOMAS L. SCHATTKE, Defendant-Appellee.

First District (3rd Division)   No. 79-44

Opinion filed April 4, 1979.

Bruce C. Davidson, of Chicago (Keck, Mahin & Cate, of counsel), for appellant.

J. Kevin Hennessy, of Chicago (Naphin, Banta & Cox, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Electronic Support Systems, Inc., brings this interlocutory appeal from the denial of its motion for a preliminary injunction in an

action to enforce a restrictive covenant in an employment contract with defendant, Thomas R. Schattke. In the order denying the request for a preliminary injunction, the court also granted defendant's motion to strike the injunctive relief sought by plaintiff.

Defendant was employed by plaintiff. On November 9, 1976, the parties entered into an employment contract which contained a covenant by defendant not to compete for 18 months after termination of his employment. He was not to solicit, directly or indirectly, from firms who were plaintiff's customers prior to the date employment would terminate. The covenant had no geographical limitation. On December 10, 1976, defendant's employment was terminated by plaintiff. According to the contract, the 18-month restriction began on that day.

Plaintiff filed its complaint on August 29, 1978, over 20 months after defendant's employment terminated. The complaint charged that defendant did solicit business from firms which were plaintiff's customers during defendant's employment, within the 18 months following his termination in violation of the covenant. The complaint also recited plaintiff was engaged in a highly competitive business in which customer contact was particularly important; and that defendant was more than a salesman and was entrusted with customer relations and confidential information relating to individual customer requirements. In addition to injunctive relief, the complaint sought compensatory and punitive damages in the amount of $500,000 for the breach of the covenant not to compete. (The damages action is still pending in the trial court.) Defendant filed a verified answer to the complaint raising several defenses including want of equity, laches, lack of consideration, duress, and unlawful restraint of trade.

On November 8, 1978, plaintiff filed its motion for a preliminary injunction. Defendant's written response argued the issues of want of equity, laches, and unlawful restraint of trade. At the hearing on the request for a preliminary injunction, plaintiff's counsel offered the trial court a copy of a letter which they had sent to defendant advising him they were aware of his violation of the restrictive covenant not to compete. The letter was written in January 1978 and was offered to the trial court by plaintiff to demonstrate that it was not guilty of laches. Thereafter, the trial court, without hearing evidence, denied plaintiff's request for a preliminary injunction and granted defendant's motion to strike plaintiff's prayer for injunctive relief.

Plaintiff contends that the trial court erred in denying its request for a preliminary injunction without conducting an evidentiary hearing. We believe, however, that the holding in an analogous case, *Murphy v. Murphy* (1975), 28 Ill. App. 3d 475, 328 N.E.2d 642, is persuasive authority

for upholding the order of the trial court in the present case. In that case, defendant executed a restrictive covenant not to compete or solicit any prior business customers for three years. Plaintiff sought an injunction restraining defendant from competing with customers, but sued for relief only after the three-year covenant had expired. In discussing the issue regarding the three-year covenant not to compete, this court stated that to prevent defendant from soliciting plaintiff's customers after the three-year limitation "would not only require the court to ignore the contractual provision agreed upon by the parties, but also would require the court to impose an unreasonable restraint of trade. This we cannot do." (28 Ill. App. 3d 475, 478.) We recognize a distinction between *Murphy* and the present case. There, the breach apparently occurred after the three-year limitation period had expired while here defendant allegedly breached his covenant not to compete within the 18-month period. Nevertheless, we believe the principle, not to extend the effect of the contractual period, is applicable in the instant case. Plaintiff insists that this court, in order to uphold the trial court's order, must decide that equity's right to remedy violation of covenants not to compete automatically expires upon the termination of the specified period no matter what the nature of the breach. We enunciate no such broad principle, and we believe in certain instances injunctive relief might be appropriate even after the expiration of the contractual period. We simply hold that, under the circumstances of the present case, denial of a request for preliminary injunction was proper. Within 13 months after termination of defendant's employment, plaintiff admittedly was aware of his breach of the covenant not to compete. Yet plaintiff did not seek injunctive relief for five months after advising defendant it was aware of his breach and over 2½ months after the restrictive covenant expired by its own terms. In our view, the grant of a preliminary injunction, under such circumstances, would have constituted an unreasonable restraint of trade. The trial court did not abuse its discretion in denying plaintiff's request for injunctive relief.

For the reasons stated, the order of the circuit court of Cook County denying plaintiff's request for a preliminary injunction and striking plaintiff's prayer for injunctive relief is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.